ROBERT H. PITTMAN #172154
County Counsel
MICHAEL A. KING #77014
Deputy County Counsel
County of Sonoma
575 Administration Drive, Room 105A
Santa Rosa, California 95403
Telephone: (707) 565-2421
Facsimile: (707) 565-2624
E-mail: michael.king@sonoma-county.org

Attorneys for Defendant
COUNTY OF SONOMA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CUPP, an individual<br><br>         Plaintiff,<br><br>vs.<br><br>COUNTY OF SONOMA, a municipal corporation; TENNIS WICK, in his individual and official capacities; TYRA HARRINGTON, in her individual and official capacities; MARK FRANCESCHI, in his individual and official capacities; TODD HOFFMAN, in his individual and official capacities; JESSE CABLK, in his individual and official capacities; ANDREW SMITH, in his individual and official capacities DOES 1-50, inclusive<br><br>         Defendants.<br><br>_____/ | **Case No. 4:23-cv-01007**<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: 06/29/2023<br>Time: 2:00 p.m.<br>Courtroom: 6, 2nd Floor<br>Judge: Jon S. Tigar |

TO PLAINTIFF RONALD CUPP AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT on June 29, 2023 at 2:00 p.m., or as soon

thereafter as the matter may be heard in Courtroom 6-2nd Floor of the above-entitled

Court located at Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, Defendant

COUNTY OF SONOMA; ("County" or "Defendant") will and hereby does move this Court for an order granting dismissal of the Complaint for Declaratory Relief, Injunctive Relief and Damages filed on March 6, 2023, by Plaintiff Ronald Cupp.

This Motion to Dismiss is brought pursuant to Federal Rules of Civil Procedure Rule 12 (b)(6), for dismissal of the complaint is warranted based on the following separate and independent grounds: Complaint fails to allege facts constituting a cognizable legal theory or a plausible claim.

STATEMENT OF ISSUES

(1) Whether the lawsuit is barred by the applicable statutes of limitations?

(2) Whether Plaintiff pled sufficient facts to state a cause of action for *Monell* liability against the County of Sonoma?

(3) Whether there is any basis for a taking claim under the allegations in the Complaint?

(4) Whether Defendant is immune from Plaintiff's claims?

(5) Whether claims for damages are barred under the California Constitution, art. I, §§7 and 13?

(6) Whether the Younger Abstention Doctrine prohibits federal court jurisdiction over this lawsuit?

(7) Whether the Complaint should be barred since Plaintiff is a vexatious litigant?

This Motion to Dismiss is based on the attached Memorandum of Points and Authorities in support thereof, the accompanying Request for Judicial Notice, the papers and pleadings on file herein, and on such further arguments or evidence as may be presented prior to adjudication of the motion.

Dated: April 4, 2023                    ROBERT H. PITTMAN, County Counsel


By:  /s/ *Michael A. King*
         Michael A. King
         Deputy County Counsel
         Attorneys for County of Sonoma

1

2

# TABLE OF CONTENTS

3   I.      INTRODUCTION ................................................................................ 7

4   II.     STATEMENT OF THE CASE ............................................................ 8

5   III.    FRCP 12 MOTION TO DISMISS STANDARDS.............................. 12

6   IV.     LEGAL ANALYSIS ......................................................................... 13

7           A.      Plaintiff's Claims Against County Arising Prior to March 2021,
                    Should be Dismissed Because They Are Barred by the Statute of
8                   Limitations .......................................................................... 13

9           B.      Plaintiffs Have Not Stated a Valid Claim Based on Monell ....... 15

10          C.      Complaint Does Not Identify a "Taking" of a Property Right that
                    Deprived Plaintiffs of All Economic Use of Their Property ....... 16
11
            D.      Plaintiff Cannot Recover for Damages Under California Constitution ...... 17
12
            E.      County is Not Liable for State Law Claims ............................... 18
13
            F.      Case Should be Dismissed Based Upon Younger Abstention
14                  Doctrine .............................................................................. 18

15          G.      Case Should be Dismissed Since Plaintiff is a "Vexatious Litigant".......... 20

16  V.      CONCLUSION ............................................................................... 21

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES
### Cases

2

3

*Albright v. Oliver*
510 U.S. 266, 271 (1994) ................................................................ 14, 19

4

*Appolo Fuels, Inc. v. U.S.*
381 F.3d 1338, 1351 (Fed. Cir. 2004)........................................... 17

5

6

*Ashcroft v. Iqbal*
556 U.S. 662, 679 (2009) ............................................................ 13

7

*Ballinger v. City of Oakland*
398 F. Supp. 3d 560, 568 (2019) ................................................. 17

8

9

*Barren v. Harrington*
152 F.3d 1193 (9th Cir. 1998)...................................................... 16

10

*Bell Atlantic v. Twombly*
550 U.S. 544, 555 (2007) ............................................................ 13

11

12

*City and County of San Francisco.  SF Chptr. Of A. Philip Randolph Inst. V. United States EPA,*
2008 U.S. Dist. LEXIS 27794 (N.D. Cal. 2008) .......................... 17

13

*City of Canton v. Harris*
489 U.S. 378, 385 (1989) ............................................................ 16

14

15

*De Long v. Hennessey*
912 F.2d 1144, 1147 (9th Cir. 1990)............................................ 20

16

*Del Perico v. Thornsley*
877 F.2d 785 (9th Cir. 1989) ....................................................... 14

17

18

*Epstein v. Wash. Energy Co.*
83 F.3d 1136, 1140 (9th Cir. 1996)................................................ 13

19

20

*Erdman v. Cochise County, Arizona*
926 F.2d 877, 882 (9th Cir. 1991) ............................................... 16

21

*First English Evangelical Lutheran Church of Glendale v. Los Angeles County, Cal.*
482 U.S. 304, 319 (1987) ............................................................ 17

22

23

*Florida v. Jardines*
569 U.S. 1, 133 S. Ct. 1409 (2013) ................................................ 9

24

*Gant v. Cnty. of Los Angeles*
772 F.3d 608, 618 (9th Cir. 2014) ............................................... 15

25

26

*Gibson v. United States*
781 F.2d 1334, 1337 (9th Cir. 1986) ........................................... 16

27

*Gygax v. Grule*
1994 U.S.Dist. LEXIS 18114 (1994) .......................................... 16

28

*Herrera v. City of Palmdale*
(2019) 918 F.3d 1037 ................................................................................................. 19

*Johnson v. Riverside Healthcare Sys.*
534 F.3d 1116, 1121 (9th Cir. 2008) .......................................................................... 13

*Johnson v. State*
69 Cal. 2d 782, 793 (1968) ......................................................................................... 18

*Jones v. Brock* (2007)
549 U.S. 199, 215 ......................................................................................................... 14

*Katzberg v. Regents of the University of California*
29 Cal. 4th 300 (2002) ................................................................................................. 18

*Kyllo v. United States*
533 U.S. 27 (2001) ......................................................................................................... 9

*Levald, Inc. v. City of Palm Desert*
998 F.2d 680 (9th Cir. 1993) ................................................................................. 14, 15

*Lopez v. Smith*
203 F.3d 1122, 1130 (9th Cir. 2000) .......................................................................... 13

*Marsh v. County of San Diego*
680 F.3d 1148, 1159 (9th Cir. 2012) .......................................................................... 16

*Noll v. Carlson*
809 F.2d 1446, 1448 (9th Cir. 1987) .......................................................................... 13

*Owens v. Okure*
488 U.S. 235 (1989) ..................................................................................................... 14

*Patel v. City of L.A.*
47 Fed. Appx. 799, 801 (9th Cir. 2002) ..................................................................... 16

*Prebilich v. City of Cotati*
No. 3:21-CV-02380-JD, 2021 WL 5964597, at *1 (N.D. Cal. Dec. 16, 2021) ................. 15

*Readylink Healthcare, Inc., v. State Compensation Ins. Fund*, 754 F.3d 754, 759
(9th Cir. 2014) .............................................................................................................. 19

*Roy v. Cnty. of L.A.*
114 F. Supp. 3d 1030, 1042 (C.D. Cal. 2015) ............................................................ 18

*Samuels v. Mackell*
(1971) 401 U.S. 66, 72 ................................................................................................. 19

*Sprint Communs., Inc. v. Jacobs* 134 S. Ct. 584, 593-94 (2013) ...................................... 19

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*
535 U.S. 302, 321, (2002) ............................................................................................ 17

*Trevino v. Gates*
99 F.3d 911, 918 (9th Cir. 2008) ........................................................................... 15, 16

*Turnacliff v. Westly*
546 F.3d 1113, 1118 (9th Cir. 2008) ........................................................... 17

*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*
971 F.2d 244, 248 (9th Cir. 1992) ............................................................... 13

*Wigfall v. City and County of San Francisco*
2007 U.S. Dist. LEXIS 82047 at *5 (N.D. Cal. 2007) ...................................... 18

*Wilson v. Garcia*
471 U.S. 261 (1985) ................................................................................ 14

## Statutes

42 U.S.C.
§ 1983 .............................................................................................. passim

California Code of Civil Procedure

§ 340(3) ............................................................................................... 14
§ 335.1 ................................................................................................. 14
§ 391 .................................................................................................... 20

California Government Code

§820.2 .................................................................................................. 18
§815 .................................................................................................... 18

## Rules

Federal Rule of Civil Procedure
Rule 12................................................................................................ 2, 12

## Constitutional Provisions

California Constitution

Article I §13...................................................................................... 12, 18
Article I §7........................................................................................ 12, 17

United States Constitution

Fourth Amendment.............................................................................. 8, 12
Fifth Amendment......................................................................... 8, 12, 16, 17
Fourteenth Amendment ........................................................................ 8, 12

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The Complaint for Declaratory Relief, Injunctive Relief and Damages filed herein by Plaintiff Ronald Cupp ("Plaintiff"), is another unwarranted attack on the County of Sonoma and various individual named employees for conduct necessitated solely due to Plaintiff's repeated and unrepentant violations of local building and zoning codes.

Plaintiff Ronald Cupp originally filed in pro per, Case No. 4:20-cv-03456 in United States District Court, Northern District of California, on May 21, 2020, against many of the same Defendants, including the County of Sonoma, for the same or similar conduct that is alleged in this new Complaint.  After dismissal of many of these defendants by this Court and after narrowing the issues for trial because of various motions, Plaintiff Ronald Cupp dismissed that Complaint with prejudice on March 30, 2023.  (**RJN Exhibit No. 1**)

Plaintiff Ronald Cupp filed in pro per, another Complaint of Damages for Civil Rights Violations, including requested Declaratory Relief and Injunctive Relief on July 25, 2022.  *Cupp v. County of Sonoma*, et al., U.S. Dist. Case No. 22-cv-04307-TSH. The second case alleged essentially the same violations of civil rights against essentially the same defendants who are named in the present case. This second case was deemed related to the prior case by Related Case Order of the Honorable Phyllis Hamilton filed on August 2, 2022.  Plaintiff then voluntarily dismissed the case without prejudice on August 26, 2022. (**RJN Exhibit No. 2**)

In his new Complaint, Plaintiff alleges that Defendants violated various rights to which he is entitled under Federal statute and under California law without any recognition of his own actions that precipitated the events.

This Court should dismiss Plaintiff's claims against the County for several independent reasons: (1) the claims for conduct more than 2 years prior to the filing of the Complaint are barred by the statute of limitations; (2) Plaintiff failed to adequately plead a claim under *Monell*; (3) Defendant is immune from Plaintiff's claims;

4) Claims for damages are barred under the California Constitution 5) Defendant is entitled to resolve the administrative process under the *Younger* abstention doctrine; 6) Plaintiff is a vexatious litigant

## II.     STATEMENT OF THE CASE

Plaintiff Ronald Cupp alleges in his Complaint, under "Nature of Action" that he is seeking compensatory and injunctive relief to "redress violations of the Civil Rights Act of 1872, 42 U.S.C. § 1983, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, caused by Defendants, and each of them, acting under color of law, acting to promote or enforce unconstitutional or unlawful practices, policies, procedures, ordinances, resolutions, patterns of conduct, customs and usage of regulations adopted, employed or ratified by policy-making supervisors in doing or causing the following to occur." He specifically identifies:

(A)     Using unmanned drones without consent or exigent circumstances,

(B)     Submitting false or misleading affidavit for inspection warrant,

(C)     Instituting abatement proceedings and recorded a lien against the property.

(D)     Taking without just compensation, subject property by disconnecting power;

(E)     Taking without just compensation, property by enforcing local rules and ordinances against Cupp – reducing number of bedrooms

(F)     Entering or causing to enter property by drones, without consent, invading Cupp's privacy.

(Dkt #1, ¶1, p. 2: 7 – p. 3: 18)

Plaintiff proceeds to recount his compliance with California Government Code sections dealing with Tort Claims procedures. (Dkt #1, ¶¶17-22, pp. 7-9). He concludes that the tort claims procedures apply to his State law claims but admits the federal law counts are not subject to those provisions. (Dkt. #1, ¶23, p. 9).

The Complaint then commences with "Facts Common to All Causes of Action" on page 9, with reference to "Code Enforcement Enhancement Program" approved in 2017.

1   Later Plaintiff's factual allegations giving rise to this new Complaint, including

2   unwarranted accusations regarding the February 15, 2019 visit to 4640 Arlington Avenue,

3   Santa Rosa, CA by Andrew Smith. (Dkt. #1, ¶32-34, p. 12-13).  As Plaintiff admits in

4   paragraph 36, this 2019 visit was the subject of Case No. 4:20-cv-03456 which Plaintiff

5   just dismissed with prejudice, rather than attempt to prove any of these contentions. This

6   event can no longer provide a basis for liability.

7       Since Ronald Cupp did nothing to comply with the Notices he was issued in

8   February 2019, he was sent letters as alleged in Dkt. #1, paragraph 37, page 13-14.

9   Plaintiff mentions the offer of an abatement hearing, which was ultimately commenced in

10  December 2020.  He alleges only one of the reasons for delay. (Dkt #1, ¶¶37-39), and

11  fails to mention that it was now combined with the violations found on July 30, 2020. He

12  also fails to ever acknowledge that the administrative hearing resulted in a Decision in

13  favor of the County, which he still to this day has failed to fully satisfy.  **(RJN Exhibit**

14  **No. 3)**

15      Plaintiff alleges that the County promulgated a policy on Standard Operating

16  Procedures on the Use of Unmanned Aircraft Systems" – the drone policy. (Dkt #1, ¶¶43-

17  44, p. 15).  Plaintiff then boldly concludes that "Permit Sonoma's drones, when used to

18  conduct inspection searches of private property, enhance the senses of Code Enforcement

19  officers such as the Defendants beyond what an ordinary human is capable of, and as

20  such, require a warrant prior to their use to inspect and search private property. (*Florida*

21  *v. Jardines*, 569 U.S. 1, 133 S. Ct. 1409 (2013); *Kyllo v. United States*, 533 U.S. 27

22  (2001).)"  (Dkt #1, ¶46, p. 16: 19-24). Neither case involves drones. *Florida v. Jardines*

23  involved a dog smelling marijuana as it neared the front porch. *Kyllo v. United States*

24  involved a thermal imaging device not in normal public use that was scanned on the

25  house.

26      Naturally, in his very conclusory allegations, Plaintiff fails to accurately recount

27  the manner in which drones are used to obtain very broad aerial images showing the

28  unpermitted construction and cannabis cultivation (such as in this case).  Plaintiff

contends that a "warrantless drone search of the subject property that occurred on March 27, 2020" and argues the warrantless search in March 2020 was guided by and was conducted by Defendants Hoffman and Cablk, acting pursuant to the County's drone policy. (Dkt #1, ¶52, p. 18: 16-22). After numerous conclusions about the constitutionality of the drone policy, Plaintiff again returns to events that took place in 2020, including the above-mentioned March 27, 2020, use of a drone "conducting a search" without first seeking an inspection warrant. (Dkt #1, ¶60, pp. 21-22).

Plaintiff then launches into more conclusory and baseless allegations of a "false affidavit of probable cause" sought by Todd Hoffman. The supposed "false statement" deals with his lack of personal knowledge of events he was reading from the Permit Sonoma records. (Dkt. #1¶¶67-68, p. 23) Obviously, he was not present with Mr. Smith on the February 15, 2019 visit, but neither was Plaintiff Ronald Cupp. Todd Hoffman was clearly reviewing prior records to obtain some of the historical information in his Declaration. (Dkt. #1-1, pp. 54-56 of 89).

Plaintiff next alleges conduct of various individuals entering the property subject to the inspection warrant [on July 30, 2020]. As a result of the inspection, additional Notices and Orders to abate various building and zoning code violations. (Dkt #1, ¶¶75-76, pp. 25-26). Quite naturally, Plaintiff leaves out the discovery of the sizeable unpermitted cannabis cultivation that was conducted indoors at the property, and which involved very hazardous conditions that presented potential fire danger. Plaintiff does not attach these Notices since they refute some of the allegations in the Complaint.

Plaintiff does allege that after the inspection and fire danger was determined, PG&E was contacted to shut the power off. The Complaint acknowledges that Defendants complied with the Court order. (Dkt #1, ¶78, p. 26: 22). Plaintiff then speculates that unpermitted meters whose installation had never been inspected by building officials, were removed from the residence without "reasonable basis". (Dkt #1, ¶78, p. 26-27). Since Plaintiff did nothing to rectify the violations at the property, he claims he was left without PG&E services for nineteen (19) months. (Dkt #1, ¶79, p. 27).

1    In fairly typical fashion, Plaintiff proceeds to make some allegations about the

2    administrative hearing that commenced in December 2020, but does not discuss its

3    conclusion with a Decision on February 11, 2021.  It is difficult to follow the contentions

4    in Dkt #1, ¶¶81-83, but Plaintiff was clearly allowed an administrative hearing for the

5    violations both from the February 15, 2019 Notice and Orders which he did not timely

6    appeal, and the later July 30, 2020 Notice and Orders.  **(RJN Exhibit No. 3)**

7    The Complaint then alleges after 28 pages, conduct in June 2022, where it alleges

8    that two Defendants flew a drone over the Arlington Ave. property without a warrant and

9    without consent pursuant to policy. (Dkt. #1, ¶86, p. 29)  Plaintiff alleges that FAA

10   regulations exist, and the County is prohibited from certain drone operations.  Plaintiff

11   concludes that it is the custom, practice and procedure to routinely use drones to inspect

12   and search private property of the residents of the County, without obtaining a warrant

13   beforehand, and in disregard of the FAA regulations.  (Dkt. #1, ¶¶89-90, p. 29-30)  The

14   next few pages are filled with argument and innuendo.  Plaintiff then adds some

15   allegations through his friends of some "unconstitutional wrongs" allegedly committed

16   several years ago.  He further gives very vague and illusory allegations of other unknown

17   persons that have been interviewed.(Dkt #1, ¶¶94-99).  Plaintiff attaches as exhibits

18   declarations describing alleged drone activity involving Plaintiff's friends that took place

19   in 2019.  The single possibly relevant Declaration is that of Antonio Cruz that describes

20   the sole alleged drone activity in the neighborhood of Ronald Cupp's property on June 1,

21   2022.  (Dkt. #1-1, pp. 73-74 of 89).

22   Further allegations deal with complaints by Plaintiff's counsel about a response to

23   a California Public Records Act request in 2022.  (Dkt. #1, ¶¶100-104).  The Complaint's

24   "facts" end with a broad and argumentative conclusion of a "smokescreen thrown up by

25   the County is but one more example of the County's efforts to conceal the

26   unconstitutional policies and their wrongful and unconstitutional, practices, customs and

27   procedures as alleged herein." (Dkt. #1, ¶104, p.34)

28

1   Count One claims a violation of the Fourth Amendment prohibition against

2   unreasonable search for the March 27, 2020 use of a drone and the June 1, 2022 use of a

3   drone.  (Dkt. #1, ¶105, p.35-36)  Count Two claims a Fifth Amendment violation for

4   taking of property for the July and August 2020 removing of meters at the property; and

5   the alleged July 30, 2022 requirement to "reduce" the number of bedrooms from 4 to one

6   in order to approve the septic system. Count Three claims a Fourteenth Amendment

7   violation of due process without identifying which entry onto the subject property

8   without advance notice is supposedly at issue.  (Dkt. #1, ¶118, p.38)

9   Count Four and Five claim "conspiracy" to violate constitutional rights. Count

10   Four again does not specify the date of entry without a warrant or without a properly

11   issued warrant, but presumably these are the February 15, 2019 and July 30, 2020

12   inspections.  (Dkt. #1, ¶126, p.40)  Count Five also does not allege what acts any

13   unidentified "Defendants" supposedly conspired to violate.  (Dkt. #1, ¶129, p.41)

14   Count Six claims violation of California Constitution Article I §7, apparently for

15   the entry onto the property in July 30, 2020 and the removal of the meters. It is also

16   apparently alleged that the present building code requirements do not need to be followed

17   by Mr. Cupp.  (Dkt. #1, ¶134-135, p.42).  Damages are claimed. (Dkt.#1, ¶¶137-138).

18   Count Seven claims violation of California Constitution Article I §13, without specifying

19   what "acts complained of" were violated. (Dkt.#1, ¶¶142-143)

20   Count Eight alleges trespass does not specify the date of entry without a warrant or

21   without a properly issued warrant, but presumably these are the February 15, 2019 and

22   July 30, 2020 inspections.  (Dkt. #1, ¶149, p. 45).  Judgment in favor of Defendant Smith

23   for the February 15, 2019, visit was already obtained.

24   Count Nine alleges "invasion of privacy" which is duplicative of the other claims;

25   but also, does not specific which alleged actions supposedly give rise to any claims.

26   **III.    FRCP 12 MOTION TO DISMISS STANDARDS**

27   A claim for relief may also be dismissed under Federal Rule of Civil Procedure

28   12(b)(6) for a "failure to state a claim upon which relief can be granted."  (Fed. R. Civ.

Proc. 12(b)(6) ("Rule 12 (b)(6)").)   A request for dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory.  (*Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008).)  To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  (*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).)  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Ashcroft, Id.* 556 U.S. at 679.

Bare assertions which amount to "nothing more than a formulaic recitation of the elements" of a claim for relief are conclusory and not entitled to be assumed true.  (*Iqbal*, 129 S. Ct. at p. 1951, quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).)  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) .

When considering a motion to dismiss, the Court may consider undisputed matters of public record through a request for judicial notice, including state court records.  (*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *Busch v. Torres*, 905 F.Supp. 766, 769, fn. 1 and 2 (C.D. Cal. 1995)).

Leave to amend should be denied if it is clear that the deficiencies in the complaint cannot be cured by amendment.  (*See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))

## IV.   LEGAL ANALYSIS

### A.   Plaintiff's Claims Against County Arising Prior to March 2021, Should be Dismissed Because They Are Barred by the Statute of Limitations

With the exception of whatever attempt is being made to claim conduct of the County in July 2022, most of the claims and counts should be dismissed since they involve conduct that took place more than two (2) years before the filing of this Complaint on March 6, 2023.  Where the facts and dates alleged in the complaint indicate

1   the claim is barred by the statute of limitations, a motion to dismiss is appropriate. *Jones*

2   *v. Brock* (2007) 549 U.S. 199, 215.

3        Plaintiff's federal constitutional claim for violation of the Fourth and Fourteenth

4   Amendments, brought pursuant to 42 U.S.C. §1983, are barred by the statute of

5   limitations because Plaintiff filed his Complaint more than two years after most of the

6   events detailed in the Complaint.  See California Code of Civil Procedure §335.1 (two-

7   year statute of limitations for personal injury in California); *Albright v. Oliver*, 510 U.S.

8   266, 271 (1994) ("Section 1983 is not itself a source of substantive rights, but merely

9   provides a method for vindicating federal rights elsewhere conferred." (internal citations

10  omitted)).

11       Since 42 U.S.C. §1983 does not contain a statute of limitations, federal courts

12  borrow the personal injury statute of limitations from the state in which the action arose.

13  *Owens v. Okure* 488 U.S. 235 (1989); *Wilson v. Garcia* 471 U.S. 261 (1985).  The Ninth

14  Circuit has looked to California's general personal injury statute of limitations for §1983

15  lawsuits.  *Del Perico v. Thornsley* 877 F.2d 785 (9th Cir. 1989) (applying former

16  California Code of Civil Procedure § 340(3).  California's current statute of limitations

17  for personal injury actions is contained in California Code of Civil Procedure §335.1,

18  which provides a two-year statute of limitations.

19       To the extent that the claims or causes of action arise from or involve the

20  numerous events that occurred before March 6, 2021, Plaintiff is barred from recovery for

21  any alleged conduct. Any attempt to claim the statute does not run by alleging injunctive

22  and declaratory relief, does not save it. The Ninth Circuit, in *Levald, Inc. v. City of Palm*

23  *Desert*, 998 F.2d 680 (9th Cir. 1993), rejected the argument that the personal injury statute

24  of limitations (then one year) is inapplicable to a claim for declaratory relief. In so

25  holding, the Court of Appeals stated:

26
27
28

> To prevent plaintiffs from making a mockery of the statute of limitations by the
> simple of expedient of creative labelling -- styling an action as one for declaratory
> relief rather than for damages – courts must necessarily focus upon the substance
> of an asserted claim as opposed to its form. It is settled, therefore, that where legal

and equitable claims coexist, equitable remedies will be withheld if an applicable statute of limitations bars the concurrent legal remedy.  Id. at 688

Just as in *Levald*, the declaratory relief and injunctive relief claims for conduct prior to March 6, 2021, is barred.

## B.    Plaintiffs Have Not Stated a Valid Claim Based on Monell

Under the well-established standards of *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the County may be called to answer a Section 1983 claim in federal court only if the complaint plausibly alleges a pattern, practice, or custom of constitutional violations. See *Monell*, 436 U.S. at 690-91; *Prebilich v. City of Cotati*, No. 3:21-CV-02380-JD, 2021 WL 5964597, at *1 (N.D. Cal. Dec. 16, 2021). "A policy or practice requires more than a few occurrences of challenged conduct. A single or even a few isolated and sporadic incidents of unconstitutional conduct are not enough to impose municipal liability under Section 1983." *Prebilich*, 2021 WL 5964597, at *2 (citing *Gant v. Cnty. of Los Angeles*, 772 F.3d 608, 618 (9th Cir. 2014)). Liability must be "founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Plaintiff has alleged a few incidents when his fellow cannabis growers supposedly saw drones in the vicinity of their property, but these isolated instances, even if true, do not change in any significant way, the allegations about a "policy or practice" since the claim still deals with Ronald Cupp's allegations of a drone flight in March 2020, and another supposed nearby flight in June 2022.  The flight in March 2020 is not actionable nor are the alleged flights over his friends' properties.

The County cannot be held liable merely for employing a tortfeasor under a respondeat superior theory.  (*Monell*, Id., at 691.)  Instead, a county can only be held liable under § 1983 where the county itself caused the constitutional violation through "execution of a government's policy or custom, whether made by its lawmakers or those whose edicts are acts may fairly be said to represent official policy."  (Id., at 694.)  Accordingly, "a plaintiff must allege that the action inflicting injury flowed from either

1  an explicitly adopted or a tacitly authorized [municipal] policy." (*Gibson v. United*
2  *States*, 781 F.2d 1334, 1337 (9th Cir. 1986).)

3          Single or isolated events in the context of this type of case are simply insufficient
4  to state a plausible claim under *Monell*: "[l]iability for improper custom may not be
5  predicated on isolated or sporadic incidents; it must be founded upon practices of
6  sufficient duration, frequency, and consistency that the conduct has become a traditional
7  method of carrying out policy." (*Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 2008).)
8  Under *Monell* standards, an "isolated instance . . . is insufficient evidence of a 'policy
9  statement, ordinance, regulation, or decision officially adopted and promulgated by' the
10  County." (See *Marsh v. County of San Diego*, 680 F.3d 1148, 1159 (9th Cir. 2012)
11  (internal citations omitted).) Further, a plaintiff must allege a "direct causal link"
12  between the constitutional deprivation and a municipal policy or custom. (*Erdman v.*
13  *Cochise County, Arizona*, 926 F.2d 877, 882 (9th Cir. 1991), quoting *City of Canton v.*
14  *Harris*, 489 U.S. 378, 385 (1989).) This requires that a plaintiff actually allege the
15  specific "policy" that caused the constitutional deprivation and resulting injury –
16  mistakes or isolated events of municipal officials do not arise to the level of "policy"
17  sufficient for § 1983 liability. (Id.)

18          In *Gygax v. Grule* 1994 U.S.Dist. LEXIS 18114 (1994) this Court faced similar
19  overbroad conclusory pleading as present in this case. The Court granted Defendant
20  county and county employees' Motion to Dismiss as to eleven causes of action for
21  trespass and violations of constitutional rights. "A plaintiff must allege facts, not simply
22  conclusions, that show that an individual was personally involved in the deprivation of
23  his [or her] civil rights." See *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

24  ### C.    Complaint Does Not Identify a "Taking" of a Property Right that Deprived Plaintiffs of All Economic Use of Their Property

25      The Takings Clause of the Fifth Amendment prohibits the taking of "private property .
26  . . for public use without just compensation." *Patel v. City of L.A.* 47 Fed. Appx. 799,
27  801 (9th Cir. 2002). "A Takings Clause claim requires proof that the plaintiff 'possesses a
28  'property interest' that is constitutionally protected.'" *Turnacliff v. Westly*, 546 F.3d 1113,

1118 (9th Cir. 2008).  The Supreme Court has drawn a distinction between two types of takings: physical takings and regulatory takings. See *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 321, (2002).

The Complaint clearly does not allege a "physical taking" of the property only the electrical meters.  Like a physical taking, the Fifth Amendment's "plain language requires the payment of just compensation whenever the government acquires private property for a public purpose. The same holds true for 'total regulatory takings,' where the government 'seeks to sustain regulation that deprives land of all economically beneficial use.'" *Ballinger v. City of Oakland*, 398 F. Supp. 3d 560, 568 (2019) (citing *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1026-27, (1992)).

Plaintiff Cupp in the present case has not alleged that he has been deprived of all economically viable use of his property as required to demonstrate a regulatory taking claim under the Fifth Amendment.  He only alleges that the subject property of less value and was supposedly uninhabitable. (Dkt. #1, ¶112, p. 37), and the value is "substantially reduced". (Dkt. #1, ¶115, p. 37: 27)

First, a temporary regulatory taking requires showing that, during the relevant time period, a landowner was denied "all use of his property."  *First English Evangelical Lutheran Church of Glendale v. Los Angeles County, Cal.,* 482 U.S. 304, 319 (1987). Further, "[d]elay in the regulatory process cannot give rise to takings liability unless the delay is extraordinary." *Appolo Fuels, Inc. v. U.S.,* 381 F.3d 1338, 1351 (Fed. Cir. 2004).

In *City and County of San Francisco.  SF Chptr. Of A. Philip Randolph Inst. V. United States EPA,* 2008 U.S. Dist. LEXIS 27794 (N.D. Cal. 2008), this Court found that governmental action that merely reduces property values in part has never been held to deprive a person of property within the meaning of the 14th Amendment.

**D.    Plaintiff Cannot Recover for Damages Under California Constitution**

Even if Ronald Cupp had filed his action in a timely fashion, the California Supreme Court does not recognize a constitutional tort to remedy an alleged violation of California Constitution Art. I, §7, because of lack of legislative intent to afford right to

seek monetary damages. *Katzberg v. Regents of the University of California,* 29 Cal. 4th 300 (2002). Citing *Katzberg*, this Court found that Cal.Const. Art. I, §13 also does not permit actions for money damages. *Wigfall v. City and County of San Francisco*, 2007 U.S. Dist. LEXIS 82047 at *5 (N.D. Cal. 2007); see also *Roy v. Cnty. of L.A.*, 114 F. Supp. 3d 1030, 1042 (C.D. Cal. 2015).

### E.   County is Not Liable for State Law Claims

Defendant County is not liable for any injury that does not arise from a statute. Calif. Gov't. Code §815. It is not liable for an injury where its employees are immune for the state law claims. Gov't Code §815.2(b). The individual Defendants (employees) are entitled to statutory immunity from Plaintiff's state-law damages claims. Section 820.2 of the California Government Code provides broad immunity for discretionary policy decisions. Calif. Gov't Code § 820.2; see *Johnson v. State*, 69 Cal. 2d 782, 793 (1968) (courts should not be placed in "the unseemly position of determining the propriety of decisions expressly entrusted to a coordinate branch of government".)

### F.   Case Should be Dismissed Based Upon Younger Abstention Doctrine

The facts and circumstances leading to inspections, the notice of violations of County codes, requests to abate unpermitted and nuisance conditions at the Property, and requests for civil penalties; resulted in an administrative hearing with a Decision by Hearing Officer on February 11, 2021. (**RJN Exhibit No. 3**)

After the abatement hearing, and after several months delay, Plaintiff began efforts to remedy the conditions at the property. Attempts were unsuccessful settle the issues surrounding the code violations and accruing penalties along with pending litigation. Continued assurances were provided by Mr. Cupp and his consultant, but it is still not completed. (**RJN Exhibit No. 4**)

County of Sonoma is now forced to file a legal action in State Court to obtain the final abatement of conditions and recovery of civil penalties awarded by the Hearing Officer on February 11, 2021.

1       In civil cases, the *Younger* Abstention Doctrine is: "appropriate only when the

2   state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve

3   a state's interest in enforcing the orders and judgments of its courts, (3) implicate an

4   important state interest, and (4) allow litigants to raise federal challenges." (*Readylink*

5   *Healthcare, Inc., v. State Compensation Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014)

6   (citing *Sprint Communs., Inc. v. Jacobs*, 134 S. Ct. 584, 593-94 (2013).)  "If these

7   'threshold elements' are met, we then consider whether the federal action would have the

8   practical effect of enjoining the state proceedings and whether an exception to *Younger*

9   applies." (*Id., quoting Gilbertson v. Albright*, 381 F.3d 965, 983-84 (9th Cir. 2004).)

10      The Ninth Circuit has applied the *Younger* Abstention Doctrine to a 42 U.S.C.

11  section 1983 lawsuit challenging an on-going state code enforcement action.  (*Herrera v.*

12  *City of Palmdale* (2019) 918 F.3d 1037).  Plaintiff has vaguely and incompletely alleged

13  a questionable claim of "declaratory relief and injunctive relief".  *Hererra* involved an

14  action by the City of Palmdale asserting that there were numerous code violations at

15  Plaintiffs' motel property and it was a public nuisance.  The City filed a complaint in state

16  court almost simultaneously to the Plaintiff owners' federal court action for damages and

17  declaratory and injunctive relief.

18      The 9th Circuit held the state court nuisance enforcement action by the City was a

19  (1) was a civil enforcement proceeding within the scope of the *Younger* doctrine; (2)

20  implicated important state interests; and (3) provided an adequate opportunity to raise the

21  federal constitutional claims.  The Court noted 918 F.3d at 1048 that "*Younger* applies to

22  requests for declaratory relief because 'ordinarily a declaratory judgment will result in

23  precisely the same interference with and disruption of state proceedings that the

24  longstanding policy limiting injunctions was designed to avoid.'"  *Gilbertson v. Albright*

25  (9th Cir. 2004) 381 F.3d 965,971, citing *Samuels v. Mackell* (1971) 401 U.S. 66, 72. This

26  case involving only declaratory and injunctive relief claims should be dismissed.

27      The code enforcement administrative proceedings against Ronald Cupp

28  commenced with the Notice & Orders issued on February 15, 2019, and subsequent

Notice & Orders on July 30, 2020.  Plaintiff was provided his due process to contest these noticed violations in an administrative hearing that resulted in a Decision on February 11, 2021.  He also was provided due process to contest the constitutionality of the original inspection on February 15, 2019, in *Cupp v. Smith*, Case No. 4:20-cv-03456.

Enforcement of the administrative findings is now necessary only because Plaintiffs have been unwilling to fully comply with valid administrative orders. Therefore, the Court should dismiss Plaintiff's claims against the County Defendants on the basis of the *Younger* Abstention Doctrine.  *Younger v. Harris*, 401 U.S. 37, (1969).

Until a decision is reached in that matter, and any opportunity for appeal has expired; than this matter would appropriately be dismissed under the *Younger* abstention doctrine.

### G.    Case Should be Dismissed Since Plaintiff is a "Vexatious Litigant"

Although this case is filed by an attorney on behalf of Plaintiff Ronald Cupp, he has been declared a "vexatious litigant" in the State of California under Code of Civil Procedure §391, et seq. and barred from filing lawsuits in state court without permission. (**RJN Exhibit No. 5**)  This status provides a basis for dismissal, since Plaintiff has continued the activity in this Court that gave rise to his status in the State of California.

California's limitation on lawsuits filed by "vexatious litigants" applies in Federal Court.  Under the All Writs Act, a district court has "the inherent power . . . to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," including through the use of pre-filing orders. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). The Ninth Circuit determined such orders against Plaintiff were warranted due to Plaintiff's "[f]lagrant abuse of the judicial process," resulting in the use of judicial time that properly could have been used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148.

In addition to the seven lawsuits in California courts that resulted in the determination that he is a "vexatious litigant', Mr. Cupp has filed and dismissed the two

prior cases in this Court dealing with the same property and issues as this case. (Case Nos. 4:20-cv-03456 and 22-cv-04307)

He also unsuccessfully sued the County of Sonoma and a Sheriff deputy in *Cupp v. Azzouni*, Case No. C 14-1283 MMC (N.D. CA 2014) and the County of Sonoma and a Sheriff Deputy in *Cupp v. Straley*, Case No. 15-cv-01565-JD (N.D. CA 2016). Motions to Dismiss were granted in both cases. Mr. Cupp appealed the *Straley* case, losing that appeal as well. (**RJN Exhibit Nos. 6, 7, 8, 9 and 10**)

Even though he is now represented by an attorney, Plaintiff continues to waste this court's time and resources making claims about past actions of various individual defendants that were involved in prior lawsuits that resulted in dismissals on all issues.

## V.    CONCLUSION

Plaintiff is improperly creating controversy where it does not exist. He makes broad accusations, against a variety of individual defendants without legal justification. County of Sonoma requests the Court to dismiss this lawsuit with prejudice for the numerous reasons described above.


Dated: April 5, 2023                    ROBERT H. PITTMAN, County Counsel


                                        By:  /s/ Michael A. King
                                            Michael A. King
                                            Attorneys for Defendant
                                            COUNTY OF SONOMA