ROBERT H. PITTMAN #172154
County Counsel
MICHAEL A. KING #77014
Deputy County Counsel
County of Sonoma
575 Administration Drive, Room 105A
Santa Rosa, California 95403
Telephone: (707) 565-2421
Facsimile: (707) 565-2624
E-mail: michael.king@sonoma-county.org

Attorneys for Defendants
TENNIS WICK, TYRA HARRINGTON,
MARK FRANCESCHI, TODD HOFFMAN,
JESSE CABLK and ANDREW SMITH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD CUPP, an individual

Plaintiff,

vs.

COUNTY OF SONOMA, a municipal corporation; et al.

Defendants.

/

**Case No. 4:23-cv-01007**

**DEFENDANTS TENNIS WICK, TYRA HARRINGTON, MARK FRANCESCHI, TODD HOFFMAN, JESSE CABLK AND ANDREW SMITH'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

Date: 08/17/23
Time: 2:00 p.m.
Courtroom: 6, 2nd Floor
Judge: Jon S. Tigar

TO PLAINTIFF RONALD CUPP AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT on August 17, 2023 at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 6, 2nd Floor of the above-entitled Court located at Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, Defendants TENNIS WICK, TYRA HARRINGTON, MARK FRANCESCHI, TODD HOFFMAN, JESSE CABLK and ANDREW SMITH; ("County Defendants") will and hereby do

//

move this Court for an order granting dismissal of the Complaint for Declaratory Relief, Injunctive Relief and Damages filed on March 6, 2023, by Plaintiff Ronald Cupp.

This Motion to Dismiss is brought pursuant to Federal Rules of Civil Procedure Rule 12 (b)(6), for dismissal of the complaint is warranted based on the following separate and independent grounds: Complaint fails to allege facts constituting a cognizable legal theory or a plausible claim.

STATEMENT OF ISSUES

(1) Whether the lawsuit is barred by the applicable statutes of limitations?

(2) Whether the claims are barred by claims and issue preclusion?

(3) Whether Plaintiff pled sufficient facts to state a plausible cause of action against the individual Defendants?

(4) Whether there is any basis for a taking claim against individual defendants?

(5) Whether individual Defendants are immune from Plaintiff's claims?

(6) Whether claims for damages are barred under the California Constitution, art. I, §13?

(7) Whether the Younger Abstention Doctrine prohibits federal court jurisdiction over this lawsuit?

(8) Whether the Complaint should be barred since Plaintiff is a vexatious litigant?

This Motion to Dismiss is based on the attached Memorandum of Points and Authorities in support, the accompanying Request for Judicial Notice, the papers and pleadings on file herein, and on such further arguments or evidence as may be presented prior to adjudication of the motion.

Dated: May 15, 2023, ROBERT H. PITTMAN, County Counsel

By: /s/ *Michael A. King*
Michael A. King
Deputy County Counsel
Attorneys for Defendants

**TABLE OF CONTENTS**


I. INTRODUCTION .......... 7

II. STATEMENT OF THE CASE .......... 7

III. FRCP 12 MOTION TO DISMISS STANDARDS .......... 9

IV. LEGAL ANALYSIS .......... 10

A. Plaintiff's Claims Against All Individual Defendants Are Barred by the Statute of Limitations With One Possible Exception .......... 10

B. Plaintiff is Precluded from Litigating These Claims .......... 11

C. Claim against Individual Defendant Cablk and Hoffman Fail to State a Plausible Claim .......... 14

D. Individual Defendants Are Not Liable for Any Claimed "Taking" in Count Two .......... 14

E. Plaintiff Cannot Recover for Damages Under California Constitution .......... 15

F. Defendants Are Not Liable for State and Federal Law Claims .......... 15

G. Case Should be Dismissed Based Upon Younger Abstention Doctrine .......... 15

H. Case Should be Dismissed Since Plaintiff is a "Vexatious Litigant" .......... 16

V. CONCLUSION .......... 16

# TABLE OF AUTHORITIES

## Cases

*Albright v. Oliver* 510 U.S. 266, 271 (1994) .......... 10
*Ashcroft v. Iqbal* 556 U.S. 662, 679 (2009) .......... 9
*Ashcroft*, *Id.* 556 U.S. at 679 .......... 9
*Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998)) .......... 12
*Bell Atlantic v. Twombly* 550 U.S. 544, 555 (2007) .......... 9
*Bridge Aina Le'a, LLC v. State of Haw. Use Comm'n* .......... 14
*Busch v. Torres*, 905 F.Supp. 766, 769, fn. 1 and 2 (C.D. Cal. 1995) .......... 10
*C.D. Anderson & Co., Inc. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987) .......... 12
*California v. Ciraolo*, 476 U.S. 207, 213 (1986) .......... 14
*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) .......... 12, 13
*Del Perico v. Thornsley* 877 F.2d 785 (9th Cir. 1989) .......... 10
*Epstein v. Wash. Energy Co*. 83 F.3d 1136, 1140 (9th Cir. 1996) .......... 9
*Florida v. Riley*, 488 U.S. 445, 452 (1989) .......... 14
*Headwaters Inc. v. U.S. Forest Serv*., 399 F.3d 1047, 1052 (9th Cir. 2005); .......... 12
*Herrera v. Countrywide KB Home Loans*, 2012 U.S. Dist. LEXIS 35400, at *5 (N.D.Cal. 2012) .......... 13
*Hydranautics v. FilmTec Corp*., 204 F.3d 880, 885 (9th Cir. 2000) .......... 13
*Iqbal*, 129 S. Ct. at p. 1951 .......... 9
*Johnson v. Riverside Healthcare Sys.* 534 F.3d 1116, 1121 (9th Cir. 2008) .......... 9
*Johnson v. State* 69 Cal. 2d 782, 793 (1968) .......... 15
*Jones v. Brock* (2007)549 U.S. 199, 215 .......... 10
*Levald, Inc. v. City of Palm Desert* 998 F.2d 680 (9th Cir. 1993) .......... 11
*Littlejohn v. U.S.*, 321 F.3d 915, 919 (9th Cir. 2003) .......... 12
*Lopez v. Smith* 203 F.3d 1122, 1130 (9th Cir. 2000) .......... 10
*McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986) .......... 12
*Monell v. Dept. of Social Services 436 U.S. 658, 98 S. Ct. 2018 (1978)* .......... 13
*Noll v. Carlson* 809 F.2d 1446, 1448 (9th Cir. 1987) .......... 10

*Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) .......... 12

*Owens v. Okure* 488 U.S. 235 (1989) .......... 10

*Pearson v. Callahan*, 555 U.S. 223, 231 (2009) .......... 15

*Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) .......... 13

*Roy v. Cnty. of L.A.* 114 F. Supp. 3d 1030, 1042 (C.D. Cal. 2015) .......... 15

*Federated Dep't Stores v. Moitie,* 452 U.S. 394, 399 n.3, (1981) .......... 13

*Segal v. American Tel. & Tel. Co.,* 606 F.2d 842, 845 (9th Cir.1979) .......... 13

*Seymour v. Nationstar*, 2020 U.S. Dist. LEXIS 27402 .......... 12

*Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) .......... 13

*Tahoe-Sierra Pres.Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078; *United States ex rel* .......... 12

*Thornton v. Brown*, 757 F.3d 834, 839 (9th Cir. 2013); .......... 14

*Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012)) .......... 12

*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.* 971 F.2d 244, 248 (9th Cir. 1992) .......... 10

*Wigfall v. City and County of San Francisco* 2007 U.S. Dist. LEXIS 82047 at *5 (N.D. Cal. 2007) .......... 15

*Wilson v. Garcia* 471 U.S. 261 (1985) .......... 10

*Wood v. Moss 572 U.S. 744 (2014)* .......... 15

*Younger v. Harris*, 401 U.S. 37 .......... 7, 16

**Statutes**

42 U.S.C. § 1983 .......... 8, 10,11

California Code of Civil Procedure§ 340(3) .......... 10

California Code of Civil Procedure§335.1 .......... 10, 11

California Government Code §820.2 .......... 15

Federal Rule of Civil Procedure Rule 12(b)(6) .......... 9

Federal Rules of Civil Procedure Rule 12 .......... 2

**Constitutional Provisions**

United States Constitution Fifth Amendment .......... 8

United States Constitution Fourteenth Amendment .......... 8

United States Constitution Fourth Amendment ........ 8

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The present Complaint for Declaratory Relief, Injunctive Relief and Damages filed herein by Plaintiff Ronald Cupp ("Plaintiff"), against various individual named employees of the County of Sonoma, lacks even less merit than the claims against the County itself. On its face the Complaint attempts to claim violations of Plaintiff's civil rights by various individually named defendants without any recognition of Ronald Cupp's own actions that precipitated the events.

Plaintiff Ronald Cupp provided defective Waiver of Summons for the new Complaint in this case, to the individually named (Tennis Wick, Tyra Harrington, Mark Franceschi, Todd Hoffman, Jesse Cablk, and Andrew Smith) by leaving Waiver forms at the Board of Supervisors' office on March 15, 2023. When counsel for the County of Sonoma had a chance to obtain permission to answer, he notified Plaintiff's counsel of the defective forms. New forms were provided by plaintiff's counsel but dated as if they were the original defective Waiver forms. In order not to unduly delay this matter further, counsel for the County of Sonoma and the individually named defendants merely returned the new Waivers with the incorrect dates.

This Court should dismiss Plaintiff's claims against the County for several independent reasons: (1) the claims for conduct more than 2 years prior to the filing of the Complaint are barred by the statute of limitations; (2) Plaintiff claims are barred by claim and issue preclusion; (3) No plausible claim is stated; (4) Individual Defendants are not liable for a taking are immune from Plaintiff's claims; (5) Claims for damages are barred under the California Constitution (6) Defendants have immunity from State and Federal law claims; (7) Defendants are entitled to resolve the administrative process under the *Younger* abstention doctrine; (8) Plaintiff is a vexatious litigant

## II. STATEMENT OF THE CASE

These were the same claims brought against many of the same individuals which and were dismissed for failure to state a plausible claim in the prior lawsuit. Almost all

the facts supporting this Complaint happened more than two (2) years before the action was filed. The facts and alleged and the same basic claims were raised in various pleadings filed in this Court in two prior actions: Northern District, Case No. 4:20-cv-03456 PJH and Case No. 22-cv-4307 PJH

Plaintiff Ronald Cupp originally filed in pro per, the Complaint in Case No. 4:20-cv-03456 on May 21, 2020 in United States District Court, Northern District, against many of the same Defendants. He alleged the same or similar conduct that is alleged in this new Complaint. (**RJN Ex. No. 1**) After dismissal of many of these same defendants by this Court and active litigation of the claims for almost three years, Plaintiff Ronald Cupp dismissed that Complaint with prejudice on March 30, 2023, just days before the commencement of trial. (**RJN Ex. No. 7**)

Plaintiff Ronald Cupp filed in pro per, another Complaint of Damages for Civil Rights Violations, including requested Declaratory Relief and Injunctive Relief on July 25, 2022; Case No. 22-cv-04307-TSH. (**RJN Ex. No. 8**) The second case alleged essentially the same violations of civil rights against essentially the same defendants who are named in the present case. This second case was deemed related to Case No. 4: 20-cv-03456), by Related Case Order of the Honorable Phyllis Hamilton filed on August 2, 2022. Plaintiff then voluntarily dismissed the case without prejudice on August 26, 2022. **(RJN Ex. No. 9)**

As discussed in greater detail in the Motion to Dismiss brought by the County of Sonoma under "Nature of Action", Plaintiff Ronald Cupp claims he is seeking compensatory and injunctive relief to "redress violations of the Civil Rights Act of 1872, 42 U.S.C. § 1983, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, caused by Defendants, and each of them, acting under color of law, acting to promote or enforce unconstitutional or unlawful practices, policies, procedures, ordinances, resolutions, patterns of conduct, customs and usage of regulations adopted, employed or ratified by policy-making supervisors in doing or causing the following to occur."

The County's Motion to Dismiss sets out in detail the allegations used to support these claims, which are incorporated by reference herein to avoid repetition and duplication. (Dkt #12, pp. 8-12) While some allegations of fact are found in the Complaint, the bulk of discussion of the conduct of the individual defendants consists of conclusions and argument.

## III. FRCP 12 MOTION TO DISMISS STANDARDS

A claim for relief may also be dismissed under Federal Rule of Civil Procedure 12(b)(6) for a "failure to state a claim upon which relief can be granted." (Fed. R. Civ. Proc. 12(b)(6) ("Rule 12 (b)(6)").) A request for dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory. (*Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008).) To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. (*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).) Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Ashcroft*, *Id.* 556 U.S. at 679.

Bare assertions which amount to "nothing more than a formulaic recitation of the elements" of a claim for relief are conclusory and not entitled to be assumed true. (*Iqbal*, 129 S. Ct. at p. 1951, quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).) "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) .

When considering a motion to dismiss, the Court may consider undisputed matters of public record through a request for judicial notice, including state court records. (*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *Busch v. Torres*, 905 F.Supp. 766, 769, fn. 1 and 2 (C.D. Cal. 1995)).

Leave to amend should be denied if it is clear that the deficiencies in the complaint cannot be cured by amendment. (*See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))

# IV. LEGAL ANALYSIS

## A. Plaintiff's Claims Against All Individual Defendants Are Barred by the Statute of Limitations With One Possible Exception

With the exception of whatever attempt is being made to claim conduct of Jesse Cablk in July 2022, the claims and counts should be dismissed since they involve conduct that took place more than two (2) years before the filing of this Complaint on March 6, 2023. Where the facts and dates alleged in the complaint indicate the claim is barred by the statute of limitations, a motion to dismiss is appropriate. *Jones v. Brock* (2007) 549 U.S. 199, 215.

Plaintiff's federal constitutional claims for violation of the Fourth and Fourteenth Amendments, brought pursuant to 42 *U.S.C.* §1983, are barred by the statute of limitations because Plaintiff filed his Complaint more than two years after most of the events detailed in the Complaint. See *California Code of Civil Procedure* §335.1 (two-year statute of limitations for personal injury in California); *Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." (Internal citations omitted)).

Since 42 *U.S.C.* §1983 does not contain a statute of limitations, federal courts borrow the personal injury statute of limitations from the state in which the action arose. *Owens v. Okure* 488 U.S. 235 (1989); *Wilson v. Garcia* 471 U.S. 261 (1985). The Ninth Circuit has looked to California's general personal injury statute of limitations for §1983 lawsuits. *Del Perico v. Thornsley* 877 F.2d 785 (9th Cir. 1989) (applying former California Code of Civil Procedure § 340(3)). California's current statute of limitations for personal injury actions is contained in California Code of Civil Procedure §335.1, which provides a two-year statute of limitations.

To the extent that the claims or causes of action arise from or involve the numerous events that occurred before March 6, 2021, Plaintiff is barred from recovery for any alleged conduct. Any attempt to claim the statute does not run by alleging injunctive and declaratory relief, does not save it. The Ninth Circuit, in *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680 (9th Cir. 1993), rejected the argument that the personal injury statute of limitations (then one year) is inapplicable to a claim for declaratory relief. In so holding, the Court of Appeals stated:

> To prevent plaintiffs from making a mockery of the statute of limitations by the simple of expedient of creative labelling -- styling an action as one for declaratory relief rather than for damages – courts must necessarily focus upon the substance of an asserted claim as opposed to its form. It is settled, therefore, that where legal and equitable claims coexist, equitable remedies will be withheld if an applicable statute of limitations bars the concurrent legal remedy. Id. at 688

Just as in *Levald*, the declaratory relief and injunctive relief claims for conduct prior to March 6, 2021, is barred.

**B. Plaintiff is Precluded from Litigating These Claims**

Ronald Cupp brought an action in pro per in this Court in May 2020 against the County of Sonoma and some of these same individual defendants: Andrew Smith, Tennis Wick, Tyra Harrington, Mark Franceschi, and a clerical staff employee. (**RJN Ex. No. 1**) Defendants Andrew Smith, Tennis Wick, Tyra Harrington, and Mark Franceschi actively litigated claims brought against them under 42 U.S.C. §1983 for unlawful search under the 4th Amendment to the U.S. Constitution, violation of due process rights under the 5th Amendment and 14th Amendment, conspiracy and trespass. These same claims are included in this new Complaint against many of the same defendants.

Tennis Wick, Tyra Harrington, Mark Franceschi, and the County of Sonoma were dismissed from the Complaint and the First Amended Complaint on Rule 12(b)(6) motions for many of the same reasons as support this Motion to Dismiss. (**RJN Ex. Nos. 3 and 5** )

The doctrine of res judicata, or claim preclusion, "'bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the

same parties … on the same cause of action.'" (*C.D. Anderson & Co., Inc. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987) (citing *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986). In order to preclude claims previously adjudicated, "[t]he central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." See *Seymour v. Nationstar*, 2020 U.S. Dist. LEXIS 27402 at *4 (quoting *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001))

"The Court must also consider: '(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'" *Seymour, Id*. *11, (quoting *Headwaters Inc. v. U.S. Forest Serv*., 399 F.3d 1047, 1052 (9th Cir. 2005)); see also *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)) "A plaintiff need not bring every possible claim. But where claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." *Seymour, Id*. *12 (quoting *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012)). "Newly articulated claims based on the same nucleus of facts may still be subject to a [claim preclusion] finding if the claims could have been brought in the earlier action." *Seymour, Id.* *12 (quoting *Tahoe-Sierra Pres.Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078; *United States ex rel. Barajas v. Northrop Corp*., 147 F.3d 905, 909 (9th Cir. 1998)).

"The two doctrines [claim preclusion and issue preclusion] are based on the same general principle: After a claim or issue is properly litigated, that should be the end of the matter for the parties to that action." *Littlejohn v. U.S*., 321 F.3d 915, 919 (9th Cir. 2003). Both doctrines require a final judgment on the merits and that the party against whom the doctrine is being asserted was a party or in privity with a party in the prior proceeding.

See *Hydranautics v. FilmTec Corp*., 204 F.3d 880, 885 (9th Cir. 2000) (issue preclusion); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (claim preclusion).

The scope of the doctrines is different, however. In particular, "the doctrine of issue preclusion prevents relitigation of all 'issues of fact or law that were actually litigated and necessarily decided' in a prior proceeding." *Robi v. Five Platters, Inc*., 838 F.2d 318, 322 (9th Cir. 1988) (quoting *Segal v. American Tel. & Tel. Co.,* 606 F.2d 842, 845 (9th Cir.1979)). In contrast, claim preclusion bars "all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982).

"The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" See *Federated Dep't Stores v. Moitie,* 452 U.S. 394, 399 n.3, (1981); (dismissal under Rule 12(b)(6) constitutes final adjudication on the merits for purposes of res judicata); *Herrera v. Countrywide KB Home Loans*, 2012 U.S. Dist. LEXIS 35400, at *5 (N.D.Cal. 2012).

Plaintiff expressly raised the claims about the July 30, 2020 inspection with the warrant supported, and the shut-off of electricity to the unpermitted commercial cannabis operation to avoid the very real potential of a fire in Case No. 20-cv-3456 PJH. That issue was litigated before this Court and denied. (**RJN Ex. No. 2**). The trespass claim for February 15, 2019 was disposed of on summary judgment. **(RJN Ex. No. 6).** All of these issues and any related to these various events, including the opportunity to bring a proper *Monell* claim, were litigated and adjudicated in Case No. 4:20-cv-03456, which was dismissed with prejudice. The claims against individual defendants Tennis Wick, Tyra Harrington, Mark Franceschi, Todd Hoffman (for July 2020 inspection), and especially Andrew Smith have been fully litigated. (**RJN Ex. No. 7**).

The alleged drone activity in June 2022, happened during the course of the litigation by Ronald Cupp against the County and Andrew Smith. Plaintiff Ronald Cupp included this issue in his Complaint filed in late July 25, 2022 in Northern District Case

No. 4:22-cv-4307, but quickly dismissed it on August 26, 2022. (**RJN Ex. No. 8 and 9).** For purposes of this motion, this is the only possible claim that is not barred by the statute of limitations or issue preclusion. It is factually in error and will be subject to a motion for summary judgment. Every other Federal and State law claim should be dismissed on both claims and issue preclusion.

**C. Claim against Individual Defendant Cablk and Hoffman Fail to State a Plausible Claim**

The remaining claim against Jesse Cablk and Todd Hoffman for conduct in June 2022, fails to state a plausible claim. The Complaint only concludes "on information and belief" that two Defendants flew a drone over the subject property without a warrant, acting pursuant to policies and practices. (Dkt #1, ¶86). This allegation falls far short of stating any plausible claim. Even if the allegation was true, aerial observations of the curtilage of a home are not prohibited by the Fourth Amendment. See *Florida v. Riley*, 488 U.S. 445, 452 (1989); *California v. Ciraolo*, 476 U.S. 207, 213 (1986).

**D. Individual Defendants Are Not Liable for Any Claimed "Taking" in Count Two**

As noted in the Motion to Dismiss brought by the County of Sonoma, (Dkt #12, pp. 16-17), this claim fails completely since the Complaint clearly does not allege a "physical taking" of the property only the electrical meters. Defendants incorporate that authority herein for purposes of economy and brevity.

"Count Two" claims to involve a violation of the Fifth Amendment against individuals. By definition, the taking is not by a private person for private purposes, and the property does not belong to a private person who must accordingly pay just compensation out of private funds. *Bridge Aina Le'a, LLC v. State of Haw. Use Comm'n* 125 F. Supp. 3d 1051, 1078-79 (D. Haw. 2015). The individual defendants in their individual capacities, are also not "persons" under §1983 and cannot be held liable for monetary damages under §1983.*Thornton v. Brown*, 757 F.3d 834, 839 (9th Cir. 2013); *Bridge Aina Le'a, LLC*, 125 F. Supp. 3d at 1054.

**E. Plaintiff Cannot Recover for Damages Under California Constitution**

As noted in the County's Motion to Dismiss and Reply Memorandum this Court has found that Cal.Const. Art. I, §13, does not permit actions for money damages. *Wigfall v. City and County of San Francisco*, 2007 U.S. Dist. LEXIS 82047 at *5-6 (N.D. Cal. 2007); see also *Roy v. Cnty. of L.A.*, 114 F. Supp. 3d 1030, 1042-1043 (C.D. Cal. 2015).

**F. Defendants Are Not Liable for State and Federal Law Claims**

The individual Defendants (employees) are entitled to statutory immunity from Plaintiff's state-law damages claims. Section 820.2 of the California Government Code provides broad immunity for discretionary policy decisions. Calif. Gov't Code § 820.2; see *Johnson v. State*, 69 Cal. 2d 782, 793 (1968) (courts should not be placed in "the unseemly position of determining the propriety of decisions expressly entrusted to a coordinate branch of government".)

Furthermore, even if a plaintiff plausibly alleges the deprivation of a constitutional right under color of state law, government officials are protected from liability for civil damages by the doctrine of qualified immunity "unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Wood v. Moss, 572 U.S. 744, 758 (2014)*. The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Plaintiff does not allege that any right allegedly violated was clearly established, probably since no rights were ever established and in fact, have mostly been adjudicated against this Plaintiff in the prior case.

**G. Case Should be Dismissed Based Upon Younger Abstention Doctrine**

As noted in the County's Motion to Dismiss, all the facts and circumstances leading to inspections, the notice of violations of County codes, requests to abate unpermitted and nuisance conditions at the Property, and requests for civil penalties;

resulted in an administrative hearing with a Decision by Hearing Officer on February 11, 2021. The basis for dismissal of Plaintiff's claims against these defendants pursuant to *Younger v. Harris*, 401 U.S. 37, (1969) is fully set out in the County's Motion (Dkt #12, pp. 18-20) and Reply Memorandum (Dkt #18,pp. 3-4).

Until a decision is reached in that matter, and any opportunity for appeal has expired; than this matter would appropriately be dismissed under the *Younger* abstention doctrine.

**H. Case Should be Dismissed Since Plaintiff is a "Vexatious Litigant"**

The individual Defendants join in the authority presented by the County of Sonoma regarding this Court's right to deny further access to this Court for similar attempts by Ronald Cupp to re-litigate issues that have already been litigated and adjudicated against him in this Court. As noted in the Motion to Dismiss, (Dkt #12, p. 20), and the Reply Memorandum (Dkt #18, p.4: 13-20), a district court has the inherent power to regulate activities of abusive litigants under the All Writs Act.

**V. CONCLUSION**

Plaintiff is improperly creating controversy where it does not exist. He makes broad and untimely accusations, against a variety of individual defendants without legal justification. These defendants request dismissal.

Dated: May 15, 2023

ROBERT H. PITTMAN, County Counsel

By: /s/ Michael A. King
Michael A. King
Attorneys for Defendants