ROBERT H. PITTMAN #172154
County Counsel
MICHAEL A. KING #77014
Deputy County Counsel
County of Sonoma
575 Administration Drive, Room 105A
Santa Rosa, California 95403
Telephone: (707) 565-2421
Facsimile: (707) 565-2624
E-mail: michael.king@sonoma-county.org

Attorneys for Defendant
COUNTY OF SONOMA
TENNIS WICK, TYRA HARRINGTON,
MARK FRANCESCHI, TODD HOFFMAN,
JESSE CABLK and ANDREW SMITH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CUPP, an individual<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SONOMA, a municipal corporation; TENNIS WICK, in his individual and official capacities; TYRA HARRINGTON, in her individual and official capacities; MARK FRANCESCHI, in his individual and official capacities; TODD HOFFMAN, in his individual and official capacities; JESSE CABLK, in his individual and official capacities; ANDREW SMITH, in his individual and official capacities<br>DOES 1-50, inclusive<br><br>Defendants.<br>_____/ | **Case No. 4:23-cv-01007**<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Date: 08/17/2023<br>Time: 2:00 p.m.<br>Courtroom: 6, 2nd Floor<br>Judge: Jon S. Tigar |

**I.   Alleged §1983 Violations Are Discrete Acts, Not Continuing Violations**

The attempt in the Opposition to characterize the alleged events as somehow "continuing" in nature, directly contradicts the alleged facts and the actual events.

Plaintiff Ronald Cupp became the owner of 4640 Arlington Avenue, Santa Rosa, California sometime in 2019 and recorded a deed on February 25, 2019. (See Exhibit No. 11, Supplemental Request for Judicial Notice filed herewith). Ronald Cupp is the only plaintiff in this case. He alleges specific conduct of some of the Defendants on specific dates which supposedly amount to violations of his civil rights.

Plaintiff cites the case of *Nichols v. City of Palm Springs,* 2014 U.S. Dist. LEXIS 197732 (C.D. CA 2014), in his Opposition for some general principles, but ignores the ruling of the District Court on the issue of the statute of limitations. The Court clearly stated that the events that took place more than two years before the filing of the Complaint were not actionable. *Nichols*, 2014 U.S. Dist. LEXIS 197732 *10. The Court cited twice the case of *Ward v. Caulk,* 650 F.2d 1144, 1147 (9th Circuit 1981) for the proposition that "[a] continuing violation is occasioned by continuing unlawful acts, *not by continual ill effects from an original violation*." (Emphasis added) The Ninth Circuit in *Ward v. Caulk* also held that plaintiff's statutory claims were barred by the limitation period for filing the actions.

While the Court in *Nichols* 2014 U.S. Dist. LEXIS 197732, did not decide all the limitations of action issues on the motion to dismiss, it was relying upon the alleged theory of "state created danger" since the plaintiffs were police informants for a lengthy period of time. The District Court subsequently did grant summary judgment for all individual defendants. *Nichols v. City of Palm Springs,* 2015 U.S. Dist. LEXIS 190457 (C.D. CA 2015).

It should also be noted that the District Court in *Nichols*, 2014 U.S. Dist LEXIS 197732, dismissed the *Monell* claim against the City with leave to amend. Apparently the Plaintiff in *Nichols* knew that there was no actual policy implicated and did not amend the *Monell* claim.

Plaintiff discusses another case to support the concept of a "continuing violations" exception to the statute of limitations defense; *Rodriguez v. City of Los Angeles*, 2015 U.S. Dist. LEXIS 190012 (C.D. Cal. 2015) *Rodriguez* is clearly different than the present

case since it involved claims regarding the service of a gang injunction at different times on different plaintiffs and members of a "class" recognized by the Court.  The issuance of the gang injunctions was not contested, only the service.  There was no administrative hearing providing due process such as the one involving Mr. Cupp, nor was there a prior lawsuit (*Cupp v. Smith*, Case No. 4:20-cv-03456), raising many of the same claims in the same U.S. District as are raised in this case.

## II. The Only Systematic Practice Raised in the Complaint is Enforcement of County Code Against Plaintiff Cupp for His Repeated Code Violations

While a great many conclusory allegations are raised in the Complaint, and Plaintiff attaches some statements from his fellow code violators, the conduct alleged in the Complaint clearly shows the step-by-step attempts by the County to obtain cooperation from Ronald Cupp to remedy the unpermitted building and zoning code violations at 4640 Arlington Ave.  Instead of engaging in collaborative efforts to remedy the violations, as requested in the original Notice & Orders (Doc #1-1, pp. 22-23 of 89), Plaintiff has chosen to deny the existence of the code violations, to ignore the subsequent notices (Doc #1, ¶¶37-38, pp. 13-14), to continue to expand the scope of his unpermitted use of the property, to contest the violations in the abatement hearing, and to ignore the Decision of the Administrative Hearing Officer for months after it was issued. (Doc #13, pp. 13-27)

## III. Damages Not Recoverable for California Constitutional Violations

Plaintiff's own authority does not require any detailed analysis by Defendant to raise the lack of damages for a due process claim under the California Constitution Article 1, §7.  In Plaintiff's case of *Rodriguez v. City of Los Angeles*, 2015 U.S. Dist. LEXIS 190012 (C.D. CA 2015), **68-69 held that Plaintiffs may not seek damages for California due process claims on the basis of service of the injunctions.  "The California Supreme Court has ruled that there is no constitutional tort cause of action for damages to remedy a violation of due process under the California Constitution," citing *Katzberg v.*

*Regents of Univ. of California*, 29 Cal. 4th 300, 326, (2002).  The District Court also cited *Brahmana v. Henard*, 2011 U.S. Dist. LEXIS 153567 *8 (N.D. Cal. 2011)

These cases do not present a detailed analysis under *Katzberg,* yet they clearly hold that damages are not recoverable under various provisions of the California Constitution.

### IV. Plaintiff Ignores the Authority Previously Provided in Reply to Plaintiff's Opposition to County Motion to Dismiss

As fully set out in the Reply Memorandum to Plaintiff's Opposition, Doc #18, pp. 3-4, the *Younger* Abstention Doctrine applies to State administrative proceedings.

For a period of 18 months, Ronald Cupp made significant progress on abating conditions at 4640 Arlington Ave, then for some reason stopped further efforts.  It is now apparent that a State court action will need to be filed to obtain enforcement of the code violations, completion of the work to abate the nuisance and violations, and for civil penalties, staff costs, and attorney's fees that are outstanding.

### V. Defendant Tennis Wick and Tyra Harrington Should Be Dismissed

Plaintiff clarifies in his Opposition that Tennis Wick and Tyra Harrington are included in the Complaint only in their capacities as Director and Code Enforcement Manager for Permit Sonoma (aka PRMD).  Doc #31, p. 9: 4-20; p. 11: 8-13.  To the extent that they are named solely as "policy-makers", the allegations against them fail for the same reasons as the claim under *Monell* fails against the County of Sonoma.  See Doc #12, pp. 15-16.  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his [or her] civil rights." See *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

### VI. Plaintiff Should Not Be Allowed to Continue to Waste the Court and Defendants' Time

In his Opposition, Plaintiff several times alludes to having additional facts and "counts" not included in this Complaint filed on March 6, 2023.  See Doc #31, p. 12: 13-18, p. 19: 15-23.  He apparently now wants to add new parties to this Complaint and make other claims that were known to him, yet for some reason left out of the Complaint.

These tactics are clear examples of the reasons why this Court can and should exercise its inherent power to dismiss this matter under the All Writs Act.

Dated: June 8, 2023                    ROBERT H. PITTMAN, County Counsel

By: /s/ Michael A. King
Michael A. King
Attorneys for Defendant
COUNTY OF SONOMA