1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    RONALD CUPP,                                    Case No. 23-cv-01007-JST

8                 Plaintiff,

9          v.                                        **ORDER GRANTING IN PART AND
                                                     DENYING IN PART DEFENDANTS'
10   COUNTY OF SONOMA, et al.,                        MOTIONS TO DISMISS**

11               Defendants.                          Re: ECF No. 12, 28

12

13         Before the Court are Defendant County of Sonoma's ("County") and Defendants' Tennis

14   Wick, Tyra Harrington, Mark Franceschi, Todd Hoffman, Jesse Cablk, and Andrew Smith's

15   ("Individual Defendants") motions to dismiss.  ECF Nos. 12, 28.  The Court will grant the motions

16   in part and deny them in part.

17   **I.      BACKGROUND**

18         Plaintiff Ronald Cupp lives at a property located in Santa Rosa, California.  Cupp alleges

19   the following incidents of warrantless searches by Sonoma County employees.  The first incident

20   occurred on February 15, 2019, when Defendant Andrew Smith, a County Code Enforcement

21   Inspector, entered and took photographs of Cupp's property without a warrant ("2019 Incident").

22   ECF No. 1 ¶ 32.  The second incident occurred on March 27, 2020, when Defendants and County

23   Code Enforcement Inspectors Jesse Cablk and Andrew Hoffman flew a drone over Cupp's

24   property without a warrant ("2020 Incident").  *Id.* ¶ 60.  The most recent incident occurred on June

25   1, 2022, when Defendants Cablk and Hoffman flew a drone over Cupp's property without a

26   warrant ("2022 Incident").  *Id.* ¶ 86.  Cupp alleges that the 2020 Incident and 2022 Incident

27   occurred pursuant to the County's drone policy, promulgated in 2019 through the County's Permit

28   and Resources Management Department ("Permit Department").  *Id.* ¶¶ 5, 43.  The policy was

United States District Court
Northern District of California

1    authored primarily by Defendant Tyra Harrington, a Code Enforcement Manager, and was

2    approved by Defendant Tennis Wick, acting in his capacity as the Permit Department's Director.

3    *Id.* ¶ 47.

4         Cupp initiated this action on March 6, 2023.  He brings claims pursuant to 42 U.S.C. §

5    1983 for violation of the Fourth Amendment's prohibition of unreasonable searches and seizures,

6    violation of the Takings Clause of the Fifth Amendment,[1] violation of the Due Process Clause of

7    the Fourteenth Amendment, and conspiracy to violate the Fourteenth Amendment.  Cupp also

8    brings claims for violation of Article I, Section 7 of the California Constitution, violation of

9    Article I, Section 13 of the California Constitution, as well as common law claims for trespass and

10   invasion of privacy.  Defendants subsequently moved to dismiss the complaint.[2]  ECF Nos. 12 &

11   28.  The Court took the motions under submission without hearings.  ECF Nos. 36 & 39.

**II.    JURISDICTION**

The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

**III.   LEGAL STANDARD**

15        To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

16   complaint must contain "a short and plain statement of the claim showing that the pleader is

17   entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Dismissal "is appropriate only where the complaint

18   lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."

19   *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  "[A] complaint

20   must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

21   on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

22   550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual

23   content that allows the court to draw the reasonable inference that the defendant is liable for the

24   misconduct alleged."  *Iqbal*, 556 U.S. at 678.  While this standard is not "akin to a 'probability

United States District Court
Northern District of California

---

[1] Cupp indicates in his briefing that he "voluntarily abandoned" his takings claim and "is no longer asserting that a 'taking' occurred."  Accordingly, the Court will dismiss this claim.

[2] Defendants' requests for judicial notice of decisions in other proceedings involving Cupp, ECF Nos. 13, 19, 29, 45, are granted.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).  The stipulation at ECF No. 30 is granted.

1   requirement' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."

2   *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely

3   consistent with' a defendant's liability, it 'stops short of the line between possibility and

4   plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In determining

5   whether a plaintiff has met the plausibility requirement, a court must "accept all factual allegations

6   in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff.

7   *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

8   **IV.   DISCUSSION**

9       **A.   Statute of Limitations**

10          The parties first dispute whether Cupp's Section 1983 claims are barred by the statute of

11   limitations. Claims arising under Section 1983 adopt the forum state's statute of limitations.

12   *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). The limitations period in California is two

13   years. *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th

14   Cir. 2007). Because Cupp filed the complaint on March 6, 2023, any claims based on events prior

15   to March 6, 2021, are barred by the statute of limitations.

16          Cupp argues that the two-year statute of limitations does not apply based on the continuing

17   violations doctrine because he alleges a pattern and practice of behavior pursuant to an

18   unconstitutional policy.

19          "The continuing violations doctrine . . . 'allow[ed] a plaintiff to seek relief for events

20   outside the limitations period.'" *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 747 (9th Cir. 2019)

21   (quoting *Kox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001)). The doctrine "is more frequently

22   seen in the context of employment discrimination suits" but "also applies to § 1983 claims." *Id.*

23   The Ninth Circuit has "recognized two applications of the continuing violations doctrine: first, to

24   'a series of related acts, one or more of which falls within the limitations period,' and second, to

25   'the maintenance of a discriminatory system both before and during [the limitations] period.'" *Id.*

26   (alteration in original) (quoting *Gutowsky v. Cnty. of Placer*, 108 F.3d 256, 259 (9th Cir. 1997)).

27   Cupp invokes the first context, known as the "serial acts branch." *Id.* However, the Ninth Circuit

28   has recognized the Supreme Court's abrogation of the serial acts branch for Section 1983 claims,

United States District Court
Northern District of California

1   *id.* at 747, and further observed that the branch "is virtually non-existent," *id.* at 748.

2   Accordingly, the doctrine does not apply to Cupp's claims, and Cupp's claims are time barred to

3   the extent they are predicated on events preceding March 6, 2021.

4         **B.**     ***Younger* Abstention**

5         Defendants argue that the complaint should be dismissed pursuant to the *Younger*

6   abstention doctrine because there was an administrative abatement hearing related to the 2019

7   Incident and the County may file a legal action in state court "to obtain the final abatement of

8   conditions and recovery of civil penalties awarded."  ECF No. 12 at 18.

9         "*Younger* established a 'strong federal policy against federal-court interference with

10   pending state judicial proceedings absent extraordinary circumstances.'  This policy applies to

11   criminal judicial proceedings and civil judicial proceedings that implicate important state

12   interests."  *King v. Cnty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018) (quoting *Middlesex*

13   *Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)).  "To warrant *Younger*

14   abstention, a state civil action must fall into one of the NOPSI categories, and must also satisfy a

15   three-part inquiry: the state proceeding must be (1) 'ongoing,' (2) 'implicate important state

16   interests,' and (3) provide 'an adequate opportunity . . . to raise constitutional challenges.'"

17   *Herrera v. City of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019) (ellipses in original) (quoting

18   *Middlesex Cty. Ethics Comm.,* 457 U.S. at 432).

19         The decision related to the administrative abatement hearing issued on February 11, 2021.

20   ECF No. 13 at 13–27.  Cupp's remaining claims are predicated on the 2022 Incident, which

21   occurred after and is unrelated to this decision.  And even if the 2022 Incident were related to the

22   decision, Defendants have not identified a state proceeding that is ongoing; rather, they speculate

23   that one will commence, which is insufficient.  *Cf. Canatella v. State of California*, 304 F.3d 843,

24   850–52 (9th Cir. 2002).  Therefore, the *Younger* abstention doctrine does not apply.

25         **C.**     **Section 1983 Claims**

26               **1.**     ***Monell* Claims**

27         "[A]n individual may prevail in a [Section] 1983 action against 'municipalities, including

28   counties . . .,' if the 'unconstitutional action implements or executes a policy statement, ordinance,

United States District Court
Northern District of California

1    regulation, or decision officially adopted and promulgated by that body's officers.'" *Lockett v.*

2    *County of Los Angeles*, 977 F.3d 737, 740 (9th Cir. 2020) (quoting *Rivera v. County of Los*

3    *Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) (internal quote omitted)).  "To establish municipal

4    liability under *Monell* [*v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)], [plaintiff] must prove that (1)

5    he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy

6    amounted to deliberate indifference to [his] constitutional right; and (4) the policy was the moving

7    force behind the constitutional violation."  *Id.* at 741.

8            The County argues that Cupp has not alleged that it a policy or practice under the second

9    and to which the Individual Defendants acted pursuant to the fourth prong. The Court disagrees.

10   In *Mateos-Sandoval v. County. of Sonoma*, the court found that the plaintiffs sufficiently alleged a

11   policy because they "specif[ied] the content of the policies" and because "it [was] inherently

12   plausible that Plaintiffs' . . . claims . . . arose as a result of" those policies.  *Id.*  Here, Cupp alleges

13   that on or about September 10, 2019, the County, acting through the Permit Department,

14   promulgated a drone policy through a document entitled "7.0 Standard Operating Procedures on

15   the Use of Unmanned Aircraft Systems."  ("drone policy").  ECF No. 1 ¶ 43; ECF No. 1-1 at 42–

16   45.  He further alleges that the Permit Department executed a contract with a private drone

17   operator to conduct aerial surveillance over private properties in the County of Sonoma, that the

18   drone policy and contract with the drone operator allow County officials to engage in warrantless

19   searches, and that the Defendants conducted warrantless searches using drones pursuant to the

20   drone policy.  ECF No. 1 ¶¶ 50, 57, 86.  These allegations, taken as true, suffice to demonstrate

21   the existence of a policy, pursuant to which Cablk and Hoffman acted in surveilling Cupp's

22   property.

23                   **2.      Claims Against Cablk and Hoffman**

24           Individual Defendants move to dismiss Cupp's Section 1983 claims against Cablk and

25   Hoffman in connection with the 2022 Incident based on the Fourth and Fourteenth Amendments

26   under the doctrine of qualified immunity.

27           "[Q]ualified immunity protects government officials 'from liability for civil damages

28   insofar as their conduct does not violate clearly established statutory or constitutional rights of

United States District Court
Northern District of California

1    which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)

2    (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  "In evaluating whether an officer is

3    entitled to qualified immunity, courts consider (1) whether the facts that a plaintiff has alleged

4    make out a violation of a constitutional right, and (2) whether that right was clearly established at

5    the time of the incident." *Martinez v. City of Clovis*, 943 F.3d 1260, 1270 (9th Cir. 2019).  The

6    doctrine "applies either where there was no constitutional violation or where the constitutional

7    violation was not clearly established." *Id.*

8         Defendants argue that Cupp does not allege that any right allegedly violated was clearly

9    established.  A clearly established right is one that is "sufficiently clear that every reasonable

10   official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577

11   U.S. 7, 11 (2015) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)).  "While there need not

12   be 'a case directly on point, [] existing precedent must have placed the statutory or constitutional

13   question beyond debate.'" *Ballentine v. Tucker*, 28 F.4th 54, 64 (9th Cir. 2022) (alteration in

14   original) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).  "The relevant inquiry is

15   whether, at the time of the officers' action, the state of the law gave the officers fair warning that

16   their conduct was unconstitutional." *Ford v. City of Yakima*, 706 F.3d 1188, 1195 (9th Cir. 2013).

17   "It is the plaintiff who 'bears the burden of showing that the rights allegedly violated were "clearly

18   established.'" *Shafer v. Cnty. of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017) (quoting

19   *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1157 (9th Cir. 2000).

20        Cupp has not shown that the rights he alleges were violated are clearly established.  As to

21   Cupp's Fourth Amendment claim, the Fourth Amendment does not automatically protect against

22   aerial surveillances of private property.  *See California v. Ciraolo*, 476 U.S. 207, 215 (1986) ("The

23   Fourth Amendment simply does not require the police traveling in the public airways at [1,000

24   feet] to obtain a warrant in order to observe what is visible to the naked eye."); *Florida v. Riley*,

25   488 U.S. 445, 450 (1989) ("Nor on the facts before us, does it make a difference for Fourth

26   Amendment purposes that the helicopter was flying at 400 feet when the officer saw what was

27   growing in the greenhouse through the partially open roof and sides of the structure. . . . This is

28   not to say that an inspection of the curtilage of a house from an aircraft will always pass muster

United States District Court
Northern District of California

6

1    under the Fourth Amendment simply because the plane is within the navigable airspace specified

2    by law.").  Cupp identifies no cases in which courts have held conduct of the sort alleged to

3    violate the Fourth Amendment, the Court is aware of none.  As to Cupp's Fourteenth Amendment

4    claim, Cupp neither alleges any deprivation of life, liberty, or property as a result of Cablk's and

5    Hoffman's conduct, nor does he identify any cases in which courts have held warrantless arial

6    surveillance to violate the Due Process Clause of the Fourteenth Amendment.  Therefore, Cupp

7    has not demonstrated that the rights allegedly violated were clearly established.  The Court will

8    dismiss these claims.

9                **D.    California Constitutional Claims**

10          Defendants move to dismiss Cupp's claims under the California Constitution on the

11    ground that the California Supreme Court has not recognized a claim for monetary damages under

12    these provisions.

13          Defendants' characterization of the complaint is correct insofar as Cupp seeks only

14    damages in connection with his claims under the California Constitution.  ECF No. 1 ¶¶ 132–46.

15    To assess whether a provision of the California Constitution provides an action for monetary

16    damages, courts should first look for evidence of "an affirmative intent either to authorize or to

17    withhold a damages action to remedy a violation."  *Katzberg v. Regents of University of*

18    *California*.  29 Cal.4th 300, 317 (2002).  Second, in the absence of affirmative intent, courts

19    should "undertake 'the constitutional tort' analysis adopted by *Bivens* and its progeny . . .

20    [assessing whether] an adequate remedy exists, the extent to which a constitutional tort action

21    would change established tort law, and the nature and significance of the constitutional provision."

22    *Id.*

23          Conducting this inquiry, "California courts have repeatedly found that violations of

24    fundamental rights guaranteed under the state constitution do not give rise to a private cause of

25    action for damages," including the two provisions at issue.  *Elrawi v. Burgess*, No. EDCV 17-

26    2463 DMG (SS), 2018 WL 6133416, at *6 (C.D. Cal. May 21, 2018) (collecting cases); *see*

27    *Katzberg*, 29 Cal. 4th at 117 (no private right of action for damages under Article I, Section 7);

28    *Wigfall v. City & Cnty. of San Francisco*, No. C 06-4968 VRW, 2007 WL 174434, at *4−6 (N.D.

United States District Court
Northern District of California

1    Cal. Jan. 22, 2007) (no private right of action for damages under Article I, Section 13).

2    Accordingly, the Court will dismiss these claims.

3            **E.**        **State Common Law Claims**

4                    **1.**        **Individual Liability**

5            Individual Defendants contend that Cablk and Hoffman are entitled to discretionary

6    immunity for the state law claims under California Government Code Section 820.2.

7            Under California Government Code Section 820.2, "[e]xcept as otherwise provided by

8    statute, a public employee is not liable for an injury resulting from his act or omission where the

9    act or omission was the result of the exercise of the discretion vested in him, whether or not such

10   discretion can be abused." Cal. Gov't Code § 820.2. "This 'discretionary immunity,' while broad,

11   is not limitless. It applies only to 'basic policy decisions' or 'quasi-legislative policy making

12   [decisions],' not to 'lower-level, or ministerial, decisions that merely implement a basic policy

13   already formulated." *Wormuth v. Lammersville Union Sch. Dist.*, 305 F. Supp. 3d 1108, 1130

14   (E.D. Cal. 2018) (alterations in original) (quoting *Caldwell v. Montoya*, 10 Cal. 4th 972, 981

15   (1995)). "Government defendants have the burden of establishing that they are entitled to

16   immunity for an actual policy decision made by an employee who consciously balanced risks and

17   advantages,' and 'not all acts requiring a public employee to choose among alternatives entail the

18   use of discretion within the meaning of section 820.2.'" *Martinez v. Cnty. of Sonoma*, No. 15-cv-

19   01953-JST, 2015 WL 5354071, at *10 (N.D. Cal. Sept. 14, 2015) (quoting *AE ex rel. Hernandez*

20   *v. Cnty. of Tulare*, 666 F.3d 631, 639 (9th Cir. 2012)). Crucially, As "such a claim of immunity

21   can generally not be resolved at a motion to dismiss." *Id.*

22           According to the allegations in the complaint, Cablk and Hoffman made their decision to

23   conduct the surveillance using a drone pursuant to the drone policy, and Defendants provide no

24   argument in support of their contention that their actions were discretionary. Cupp has thus

25   alleged that Cablk and Hoffman merely implemented a policy already formulated, and Defendants

26   have failed to show that they are entitled to immunity.

27                   **2.**        **County Liability**

28           The County argues it is not liable for the state law claims because the individual

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Defendants are entitled to statutory immunity.  Under California Government Code Section

2    815.2(a), "California public entities, including local governments, are derivatively liable for the

3    negligent acts or omissions of public employees within the scope of their employment." *AE ex*

4    *rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 638 (9th Cir. 2012).  "[T]o dismiss the County as

5    immune when its employees may be found liable would be in error." *Martinez*, 2015 WL

6    5354071, at *11.  Because Cablk and Hoffman have not successfully asserted immunity, neither

7    has the County.

8                                                    **CONCLUSION**

9            For the foregoing reasons, Defendants' motions are granted in part and denied in part.  The

10   motions are granted as to all claims against Individual Defendants other than Cablk and Hoffman,

11   all claims to the extent that they are not predicated on the 2022 Incident, Cupp's Section 1983

12   claims against Cablk and Hoffman, and Cupp's claims under the California Constitution.  These

13   claims are dismissed without leave to amend on the ground that amendment would be futile.

14   *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002); *Perez v. Mortg. Electronic*

15   *Reg. Sys., Inc.*, 959 F.3d 334, 341 (9th Cir. 2020).  The motions are denied as to Cupp's *Monell*

16   claims and as to Cupp's state common law claims against Cablk, Hoffman, and the County.

17           **IT IS SO ORDERED.**

18   Dated:  September 26, 2023

19   

20                                                                              JON S. TIGAR
                                                                            United States District Judge

21

22

23

24

25

26

27

28