ROBERT H. PITTMAN #172154
County Counsel
MICHAEL A. KING #77014
Deputy County Counsel
County of Sonoma
575 Administration Drive, Room 105A
Santa Rosa, California 95403
Telephone: (707) 565-2421
Facsimile: (707) 565-2624
E-mail: michael.king@sonoma-county.org

Attorneys for Defendant
COUNTY OF SONOMA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CUPP, an individual<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SONOMA, a municipal corporation; TENNIS WICK, in his individual and official capacities; TYRA HARRINGTON, in her individual and official capacities; TODD HOFFMAN, in his individual and official capacities; JESSE CABLK, in his individual and official capacities; DOES 1-50, inclusive<br><br>Defendants.<br>_____/ | **Case No. 4:23-cv-01007**<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS [PROPOSED] FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  July 18, 2024<br>Time: 2:00 p.m.<br>Courtroom: 6, 2nd Floor<br>Judge: Jon S. Tigar |

TO PLAINTIFF RONALD CUPP AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT on July 18, 2024 at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 6-2nd Floor of the above-entitled Court located at Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, Defendants COUNTY OF SONOMA; ("County"), TENNIS WICK, TYRA HARRINGTON, TODD HOFFMAN, and JESSE CABLK (collectively "County Defendants") will and hereby do

1 | move this Court for an order granting dismissal of the [Proposed] First Amended
2 | Complaint for Declaratory Relief, Injunctive Relief and Damages filed on April 29, 2024,
3 | by Plaintiff Ronald Cupp.

4 |     This Motion to Dismiss is brought pursuant to Federal Rules of Civil Procedure
5 | Rule 12 (b)(6), for dismissal of the complaint is warranted based on the following
6 | separate and independent grounds: Complaint fails to allege facts constituting a
7 | cognizable legal theory or a plausible claim.

8 | <u>STATEMENT OF ISSUES</u>

9 |     (1)   Whether many of the claims re-alleged in the First Amended Complaint
10 | were previously dismissed by this Court?

11 |     (2)   Whether many of the claims are barred by the applicable statutes of
12 | limitations?

13 |     (3)   Whether many of the claims alleged in the First Amended Complaint are
14 | barred by issue preclusion?

15 |     (4)   Whether Plaintiff pled sufficient facts to state a cause of action for *Monell*
16 | liability against the County of Sonoma?

17 |     (5)   Whether individual Defendants are immune from Plaintiff's Section 1983
18 | claims pursuant to qualified immunity?

19 |     (6)   Whether any basis for injunctive relief is pleaded?

20 |     (7)   Whether the Younger Abstention Doctrine prohibits federal court
21 | jurisdiction over this lawsuit pending the outcome of the State Court abatement action?

22 |     This Motion to Dismiss is based on the attached Memorandum of Points and
23 | Authorities in support thereof, the accompanying Request for Judicial Notice, the papers
24 | and pleadings on file herein, and on such further arguments or evidence as may be
25 | presented prior to adjudication of the motion.

26 | Dated:  May 10, 2023         ROBERT H. PITTMAN, County Counsel

27 |     By: _ /s/ *Michael A. King*
28 |     Michael A. King
    Attorneys for County of Sonoma

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................................. 7

    A.   Present Litigation .................................................... 7

    B.   Prior Litigation ...................................................... 8

    C.   Administrative Proceedings and State Court Action......................... 9

    D.   Request to Dismiss in This Motion .................................... 9

II.   STATEMENT OF THE CASE ................................................. 10

III.   FRCP 12 MOTION TO DISMISS STANDARDS.................................. 14

IV.   LEGAL ANALYSIS ....................................................... 15

    A.   Plaintiff's Claims Arising Prior to March 2021, Have Been
Dismissed Because They Are Barred by the Statute
of Limitations ......................................................... 15

    B.   Facts Alleged Are Insufficient to State a Section 1983 Claim Against
Any Individual Defendant.............................................. 15

    C.   Claims Preclusion Applies to Most of These Claims...................... 16

    D.   Plaintiffs Have Not Stated a Valid Claim Based on *Monell*............. 17

    E.   There is No *Monell* Liabilty Under Respondeat Superior .............. 18

    F.   Monell Claim Is Not Established By Broad Conclusory
Pleading ............................................................... 18

    G.   Claim for Injunctive Relief Should Be Dismissed....................... 19

    H.   County Requests Injunctive and Declaratory Relief Be Dismissed
Based Upon Younger Abstention Doctrine; Remaining
Damage Claims Should Be Stayed .................................... 19

V.   CONCLUSION ........................................................... 21

1

## TABLE OF AUTHORITIES
### Cases

2

3
*Ashcroft v. Iqbal*
556 U.S. 662, 679 (2009) ................................................................. 14. 15

4
*Baird v. Bonta*
81 F.4th 1036, 1040 ................................................................. 19

5

6
*Barren v. Harrington*
152 F.3d 1193, 1194 (9th Cir. 1998) ................................................................. 18

7
*Bell Atlantic v. Twombly*
550 U.S. 544, 555 (2007) ................................................................. 15

8

9
*City of Canton v. Harris*
489 U.S. 378, 385 (1989) ................................................................. 18

10
*Epstein v. Wash. Energy Co.*
83 F.3d 1136, 1140 (9th Cir. 1996) ................................................................. 15

11

12
*Erdman v. Cochise County, Arizona*
926 F.2d 877, 882 (9th Cir. 1991) ................................................................. 18

13
*Florida v. Jardines*
569 U.S. 1, 133 S. Ct. 1409 (2013) ................................................................. 11, 12

14

15
*Gant v. Cnty. of Los Angeles*
772 F.3d 608, 618 (9th Cir. 2014) ................................................................. 17, 18

16
*Gibson v. United States*
781 F.2d 1334, 1337 (9th Cir. 1986) ................................................................. 18

17

18
*Gilbertson v. Albright*
381 F.3d 965, 983-84 (9th Cir. 2004) ................................................................. 20

19
*Gygax v. Grule*
1994 WL 715625 (1994) ................................................................. 18

20

21
*Herrera v. City of Palmdale*
918 F.3d 1037 (2019) ................................................................. 20

22

23
*Johnson v. Riverside Healthcare Sys.*
534 F.3d 1116, 1121 (9th Cir. 2008) ................................................................. 14

24
*Jones v. Williams*
297 F.3d 930, 934 (9th Cir. 2002) ................................................................. 16

25

26
*Kyllo v. United States*
533 U.S. 27 (2001) ................................................................. 12

27
*Lopez v. Smith*
203 F.3d 1122, 1130 (9th Cir. 2000); ................................................................. 15

28

*Marsh v. County of San Diego*
680 F.3d 1148, 1159 (9th Cir. 2012)..................................................................... 17

*Martinez v. Newport Beach City*
125 F.3d 777, 781 (9th Cir. 1997) ........................................................................ 21

*Monell v. Department of Social Services*
436 U.S. 658 (1978) ...................................................................................... passim

*Mpoyo v. Litton Electro-Optical Sys.*
 430 F.3d 985, 987 (9th Cir. 2005) ....................................................................... 16

*Noll v. Carlson*
809 F.2d 1446, 1448 (9th Cir. 1987) .................................................................... 15

*Owens v. Kaiser Found. Health Plan, Inc.*
244 F.3d 708, 713 (9th Cir. 2001) ....................................................................... 16

*Readylink Healthcare, Inc., v. State Compensation Ins. Fund*
754 F.3d 754, 759 (9th Cir. 2014)........................................................................ 19

*Samuels v. Mackell*
 401 U.S. 66, 72 (1971) ......................................................................................... 20

*Semtek Int'l Inc. v. Lockheed Martin Corp.*
531 U.S. 497, 505 (2001) ..................................................................................... 17

*Sidhu v. Flecto Co.*
279 F.3d 896, 900 (9th Cir. 2002) ....................................................................... 16

*Sprint Communs., Inc. v. Jacobs*
134 S. Ct. 584, 593-94 (2013) .............................................................................. 19

*Taylor v. List*
880 F.2d 1040, 1045 (9th Cir. 1989) .................................................................... 16

*Trevino v. Gates*
99 F.3d 911, 918, (9th Cir. 2008)......................................................................... 17

*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*
971 F.2d 244, 248 (9th Cir. 1992)........................................................................ 15

*Younger* v. *Harris*
401 U.S. 37 (1971) ........................................................................................ passim

**Statutes**

Federal Rules of Civil Procedure
Rule 12........................................................................................................... 2, 14

42 U.S. Code
Section 1983 ................................................................................................ passim

1

**Constitutional Provisions**

2

United States Constitution
3   4th Amendment..................................................................................................... passim

4   United States Constitution
5th Amendment ............................................................................................................. 10

5   United States Constitution
6   8th Amendment ..................................................................................................... 7, 10

7   United States Constitution
14th Amendment .......................................................................................................... 10

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

### A.     Present Litigation

The [Proposed] First Amended Complaint for Declaratory Relief, Injunctive Relief and Damages filed herein by Plaintiff Ronald Cupp ("Plaintiff"), purports to state causes of action against the County of Sonoma and various individual named employees ("County Defendants") for conduct necessitated solely due to Plaintiff's repeated and unrepentant violations of local building and zoning codes.

Very little of any substance has been changed from the original Complaint, with the exception of adding a claim of "excessive fines" under the 8th Amendment and some new conclusory and argumentative allegations to attempt to bolster a *Monell* claim. The Amended Complaint repeats at length, claims that were already dismissed with prejudice by the Court in its "Order Granting in Part and Denying in Part Defendants' Motions to Dismiss." (ECF No. 42).  Already dismissed were "all claims against Individual Defendants other than Cablk and Hoffman, all claims to the extent that they are not predicated on the 2022 Incident, Cupp's Section 1983 claims against Cablk and Hoffman, and Cupp's claims under the California Constitution. These claims are dismissed without leave to amend on the ground that amendment would be futile."

The [Proposed] Amended Complaint seems to state various claims against individual defendants other than Cablk and Hoffman, although leave to amend as to Tennis Wick and Tyra Harrington was not allowed. It appears to allege Section 1983 Claims against Cablk and Hoffman, although leave to amend was not allowed since qualified immunity was established. It continues to allege conduct of individual defendants and the County that occurred more than 2 years before filing this action, which are barred by the statute of limitations.  Many of the issues alleged were raised in prior litigation filed by Ronald Cupp that was dismissed with prejudice and is precluded from re-litigation.

//

**B.  Prior Litigation**

Plaintiff Ronald Cupp originally filed in pro per, on May 21, 2020, against the County of Sonoma and some individual defendants, for the same or similar conduct that is alleged in this new Complaint. See *Cupp v. Smith*, Case No. 4:20-cv-03456 in United States District Court, Northern District of California. (**Request for Judicial Notice, "RJN" Exhibit No. 1**). During the course of that case, Plaintiff attempted to seek injunctive relief pertaining to the July 30, 2020 inspection and PG&E shutoff, which was denied. (**RJN Exhibit No. 2**). The County's first Motion to Dismiss was granted with and without leave to amend, including request for injunctive relief and §1983 claim for excessive fines. (**RJN Exhibit No. 3, pp. 4-5**).

Plaintiff Ronald Cupp filed a First Amended Complaint in Case No. 4: 20-cv-03456, which alleged the same types of "customs, policies, and practices" on the part of the County of Sonoma as are being alleged in this new lawsuit. (failure to train, supervise and discipline; failure to discourage unlawful use of authority; failure to admonish, or even in investigate alleged constitutional violations; ratifying violations; failing to implement proper procedures for inspection warrants; etc. (**RJN Exhibit No. 4, pp. 10-11).**  The Honorable Phyllis J. Hamilton dismissed the same basic *Monell* claims as are now being raised again in this lawsuit. Plaintiff raised an alleged policy to conduct unlawful searches, "at least six" other instances of unconstitutional searches, the July 30, 2020 inspection, aerial drone search not automatically prohibited by the 4th Amendment, insufficient allegation that any County policy caused the purported violation. **(RJN Exhibit No. 5, pp. 6-11).**

This earlier case was set for trial, but was dismissed with prejudice on March 30, 2023, shortly before trial on the remaining issues. Judgment was entered for Defendant Andrew Smith. (**RJN Exhibit No. 6**).  Plaintiff Cupp did not try that case, obtain a judgment either for or against him, then appeal the prior rulings of this Court on mostly the same issues raised in this present Proposed Amended Complaint.

//

Plaintiff Ronald Cupp filed in pro per, another Complaint of Damages for Civil Rights Violations, including requested Declaratory Relief and Injunctive Relief on July 25, 2022.  *Cupp v. County of Sonoma*, et al., U.S. Dist. Case No. 22-cv-04307-TSH. This second case alleged essentially the same violations of civil rights against essentially the same defendants who are named in the present case. This second case was deemed related to the prior case by Related Case Order of the Honorable Phyllis Hamilton filed on August 2, 2022.  Plaintiff then voluntarily dismissed the case without prejudice on August 26, 2022. (**RJN Exhibit No. 7**)

### C.  Administrative Proceedings and State Court Action

Plaintiff still does not acknowledge his own actions that precipitated the events, nor the Administrative Order that led to a final decision against him on February 11 and 12, 2021. (**RJN Exhibit No. 8**).  Since Mr. Cupp chose not to timely abate per that Order, that final administrative decision is now the subject of State Court proceedings, *County of Sonoma v. Ronald Cupp*, Sonoma County Superior Court, Case No. SCV-273578.  The Complaint in that case was filed on June 23, 2023, after the County Defendants filed their Motions to Dismiss the original Complaint in this matter.  (**RJN Exhibit No. 9**)

### D.  Request to Dismiss in This Motion

This Court should dismiss Plaintiff's claims against the County Defendants for several independent reasons: (1) this Court previously ruled that claims for conduct more than 2 years prior to the filing of the Complaint are barred by the statute of limitations; (2) individual Defendants Cablk and Hoffman (and Wick and Harrington) have qualified immunity for any claims of conduct related to the aerial surveillance, thus there is no 4th Amendment liability; (3) the claims arising from conduct that allegedly occurred on February 15, 2019 through July 30, 2020 has already been adjudicated and dismissed with prejudice; (4) any claim of "excessive fines" was previously pleaded and dismissed; it is inadequately and incompletely pleaded since it does not identify specific individuals, facts, dates when the "fines" were assessed, or the conduct giving rise to the claim; (5) the same basic allegations of *Monell* liability were previously dismissed with prejudice,

1   and they are still inadequately pleaded; nor is there causation of harm by any valid claim

2   of a constitutional violation; (6) Any injunctive relief should be dismissed since the

3   pleadings are not sufficient; (7)  County Defendants are entitled to resolve the

4   administrative process under the *Younger* abstention doctrine before this case proceeds.

5   **II.     STATEMENT OF THE CASE**

6          Plaintiff Ronald Cupp re-alleges most of the same claims in his Amended

7   Complaint, as he did in his Complaint (ECF No. 1).  Under "Nature of Action &

8   Introduction" he states that he is seeking compensatory and nominal damages as well as

9   injunctive and declaratory relief to "redress violations of the Civil Rights Act of 1872, 42

10  U.S.C. § 1983, and the 4th, 5th (*sic*), 8th, and 14th Amendments to the United States

11  Constitution, caused by Defendants, and each of them, acting under color of law, acting

12  to promote or enforce unconstitutional or unlawful practices, policies, procedures,

13  ordinances, resolutions, patterns of conduct, customs and usage of regulations adopted,

14  employed or ratified by policy-making supervisors, managers, or decision-makers acting

15  on behalf of Defendant COUNTY OF SONOMA ("the County") in doing or causing the

16  following to occur." (ECF 49, p. 2).

17         The conduct allegedly giving rise to claims in this amended Complaint commence

18  with:  "**(A) Enactment & Implementation of Unconstitutional Code Enforcement Policy**",

19  Plaintiff again acknowledges that the County Board of Supervisors enacted and

20  implemented official policies in 2017, related to County's 'Code Enforcement

21  Enhancement Program'".  Plaintiff attaches as Exhibit "D" to his First Amended

22  Complaint the Summary Report relating to this Board item, but not the Board Resolution

23  or actual action taken. (ECF 49, p. 2; 49-1, pp. 13-19).

24         Despite the language of the Summary Report, the Amended Complaint precedes

25  with conclusory language, "the true intent and purpose of CEEP".  These allegations are

26  merely more detailed conclusory statements of the previously alleged and dismissed with

27  prejudice allegations of "a scheme to illicitly raise revenue" and "penalize landowners".

28  (RJN Exhibit No. 4, p. 11: 14-17; Case No. 20-cv-03456).

1    Again in conclusory terms, Plaintiff agrees that the inspectors and their manager

2    exercise discretion in assessment of "fines"; claiming that fines are based on "an

3    arbitrary, capricious and subjective calculation method (which is based on assigning

4    arbitrary multipliers, such as 1, 5, or 10) that *gives unfettered discretion* to CED's

5    inspectors, like Hoffman and Cablk as well as Harrington as their manager, to determine

6    the amount of a landowner's fines and penalties ad hoc as each case arises." (ECF 49, p.

7    3: 22-26).

8    Even though an excessive fines claim was made and dismissed in Case No. 20-cv-

9    03456 (RJN Exhibit No. 3, p. 16-17); Plaintiff claims that "as of November 2022, the

10   County demanded over $400,000 in fines, penalties, costs, and fees." (ECF 49, p. 4:3-5).

11   There is no allegation what the breakdown is of these sums between "fines", "penalties",

12   "costs", and "fees".  Plaintiff does not allege which date, nor which code violations

13   "these sums".  Nowhere is it alleged that "these items" are related the July 2022 drone

14   incident that is the basis for the allegations in "(B) The County's Use of Warrantless

15   Searches Involving 'Drones'".

16   The Amended Complaint then proceeds with "Facts Common to All Causes of

17   Action" on page 15, with reference to "Code Enforcement Enhancement Program"

18   approved in March 2017.  The Agenda Item is attached as Exhibit D, but the actual Board

19   of Supervisors' Resolution, decision, and enactment is not attached.  Only the outline of

20   selected portions of the Agenda Item and Summary. (ECF 49, pp. 15-17).  This pleading

21   does not provide the actual Board of Supervisors' action, nor claim that was invalid or

22   unconstitutional.

23   Plaintiff alleges that the County promulgated a policy on Standard Operating

24   Procedures on the Use of Unmanned Aircraft Systems" – the drone policy. (ECF 49, p.

25   21, ¶41).  Plaintiff then boldly concludes that "Permit Sonoma's drones, when used to

26   conduct inspection searches of private property, enhance the senses of Code Enforcement

27   officers such as the Defendants beyond what an ordinary human is capable of, and as

28   such, require a warrant prior to their use to inspect and search private property. (*Florida*

*v. Jardines*, 569 U.S. 1, 133 S. Ct. 1409 (2013); *Kyllo v. United States*, 533 U.S. 27 (2001).)" (ECF 49, p. 22, ¶44). To be clear, neither case involves drones. *Florida v. Jardines* involved a dog smelling marijuana as it neared the front porch. *Kyllo v. United States* involved a thermal imaging device not in normal public use that was scanned on the house.

Plaintiff again ignores Judge Hamilton's ruling on the subject of any constitutional requirement to obtain a warrant before using an aerial drone (RJN Exhibit No. 5, pp.9-10) and Judge Tigar's pronouncement in this action. (ECF 42, pp. 6-7). Plaintiff repeats his conclusions and argument about drone searches being warrantless. (ECF 49, p. 24-27, ¶¶51-58).

Again, despite the prior dismissal with prejudice of *Cupp v. Smith*, Case No. 20-cv-03456 and the ruling of this Court that these events are barred by the statute of limitations (ECR 42), Plaintiff again argues about conduct related to an inspection warrant issued on July 20, 2020 and a subsequent inspection on July 30, 2020. (ECF 49, pp. 29, 31-32, ¶¶65-66, 74, 75) Quite naturally, Plaintiff leaves out the discovery of the sizeable unpermitted cannabis cultivation that was conducted indoors at the property, and which involved very hazardous conditions that presented potential fire danger. Plaintiff does not attach these Notices since they refute some of the allegations in the Complaint. Nor does he attach the ruling of Judge Hamilton denying requested injunctive relief related to the inspection and PG&E service. (**RJN Exhibit No. 2**).

There is brief mention of the Administrative Abatement Hearing proceedings without discussion of the outcome of the hearing in which Mr. Cupp was allowed ample opportunity to provide any evidence he had to dispute the overwhelming evidence presented to support the findings of the violations. (ECF 49, pp. 33-34). Plaintiff fails to mention the Statement of Decision and Administrative Order (**RJN Exhibit No. 8**) nor the State court action now required to enforce that Order. (**RJN Exhibit No. 9**).

The supposed unconstitutional conduct by County employees took place in June 2022, when Defendants Cablk and Hoffman allegedly flew a drone over the Arlington

1   Ave. property without a warrant and without consent pursuant to policy. (ECF 49, p. 35,

2   ¶84).  Plaintiff alleges that FAA regulations exist, and the County is prohibited from

3   certain drone operations.  Plaintiff concludes that it is the custom, practice and procedure

4   to routinely use drones to inspect and search private property of the residents of the

5   County, without obtaining a warrant beforehand, and in disregard of the FAA regulations.

6   (ECF, ¶¶85-91, pp. 29-37)

7        There are numerous conclusory allegations about alleged conduct on unknown

8   dates at unspecified locations, by various individuals including Defendant Hoffman.

9   These allegations about supposed incidents, are apparently being mentioned to support

10  some conclusory claim of "unconstitutional practice, custom or procedure." (ECF 49, pp.

11  37-38, 40; ¶¶  92-96, 101).

12       **Count One** (Against All Defendants) claims a violation of the 4th Amendment

13  prohibition against unreasonable search for the March 27, 2020 use of a drone and the

14  June 1, 2022 use of a drone.  (ECF 49, ¶106, p.41-42)  **Count Two** (Against All

15  Defendants) states in conclusory terms without specifying which acts supposedly involve

16  imposing "excessive fines and penalties in violation of the 8th Amendment." (ECF 49,

17  ¶10, p.43).  Presumably it is civil penalties awarded to the County in the administrative

18  Statement of Decision and Administrative Order. (**RJN Exhibit No. 8)**  Without any

19  relationship to specific events or conduct, the Amended Complaint concludes that the

20  unspecified Defendants "their acts and omissions as alleged herein are indicative and

21  representative of unconstitutional policies promulgated by the County and/or a repeated

22  course of conduct by Defendants, and each of them, in unconstitutionally enforcing the

23  County's policies, which is tantamount to a custom, practice or procedure of the County

24  and its agency, Permit Sonoma, of condoning and encouraging the disregard of the

25  constitutional rights of the residents of the County." (ECF p. 43, §111)

26       **Count Three** consists of a variety of conclusory allegations about "an official

27  policy, practice, procedure, or custom of permitting the occurrence of the wrongs set forth

28  in this pleading, …, failed to properly train, supervise, retrain, monitor, or take corrective

action with respect to the Director, Code Enforcement Manager, Senior Code Enforcement Officers, and other inspection officers working with CED."  There are conclusory allegations of failure to adequately train and supervise Code Enforcement Officer. There are additional conclusory allegations on information and belief about Todd Hoffman and a "propensity to violate constitutional rights of others".  (ECF 49, pp. 44-47, ¶¶113-124).

**Count Four** (the former Count Eight) alleges trespass without any specificity. The claim does not specify the date of entry without a warrant or without a properly issued warrant.  (ECF 49, pp. 47-48).  Presumably these are the February 15, 2019 and July 30, 2020 inspections. Judgment in favor of Defendant Smith for the February 15, 2019, visit was already obtained.

**Count Five (**former Count Nine) alleges "invasion of privacy" which is duplicative of the other claims; but also, does not specific which alleged actions supposedly give rise to any claims. Presumably it is the alleged aerial drone flyover which was already dealt with by Judge Hamilton in Case No. 20-cv-03456, and this Court in ECF No. 42.

The Prayer for Relief requests some form of declaratory relief that actions were unlawful and unconstitutional; 2) – 4),  various temporary restraining orders and injunctive relief (without ever alleging a basis for that relief); 5) for damages and punitive damages; 6) for costs and attorney's fees.

## III.   FRCP 12 MOTION TO DISMISS STANDARDS

A claim for relief may also be dismissed under Federal Rule of Civil Procedure 12(b)(6) for a "failure to state a claim upon which relief can be granted."  (Fed. R. Civ. Proc. 12(b)(6) ("Rule 12 (b)(6)").)   A request for dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory.  (*Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008).)  To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  (*Ashcroft v. Iqbal*, 556

U.S. 662, 679 (2009).)  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Ashcroft*, *Id.* 556 U.S. at 679.

Bare assertions which amount to "nothing more than a formulaic recitation of the elements" of a claim for relief are conclusory and not entitled to be assumed true.  (*Iqbal*, 129 S. Ct. at p. 1951, quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).)

"[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co*., 83 F.3d 1136, 1140 (9th Cir. 1996) .

When considering a motion to dismiss, the Court may consider undisputed matters of public record through a request for judicial notice, including state court records. (*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *Busch v. Torres*, 905 F.Supp. 766, 769, fn. 1 and 2 (C.D. Cal. 1995)).

Leave to amend should be denied if it is clear that the deficiencies in the complaint cannot be cured by amendment.  (*See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))

## IV.  LEGAL ANALYSIS

### A.  Plaintiff's Claims Arising Prior to March 2021, Have Been Dismissed Because They Are Barred by the Statute of Limitations

With the exception of any attempt to claim conduct of the County in July 2022, most of the claims have already been dismissed by the Court in its "Order Granting in Part and Denying in Part Defendants' Motions to Dismiss". To the extent any additional conduct or claims arise out of conduct that took place prior to March 6, 2021, the same authority applies. (ECF 42, pp. 3-4).

### B.  Facts Alleged Are Insufficient to State a Section 1983 Claim Against Any Individual Defendant

The Court has already decided without leave to amend, that the claim of 4th Amendment violation by Defendants Cablk and Hoffman for aerial surveillance, is not automatically protected by the 4th Amendment. No clearly established right was violated. Qualified immunity applies to these claims. (ECF 42, pp. 5-7).

1   No leave to amend was granted as to any Section 1983 claims against any individual
2   defendant, including Tennis Wick and Tyra Harrington.  They would be entitled to qualified
3   immunity just like Hoffman and Calbk since there is no clearly established right that aerial
4   surveillance would have violated Cupp's 4th Amendment right. Furthermore, supervisory
5   liability under §1983 is only actionable if the supervisor personally participated in or directed a
6   constitutional violation of a subordinate, or knew of the violation and failed to act to prevent it.
7   There is no respondeat superior liability under §1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th
8   Cir. 1989); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002).

9   **C.  Claims Preclusion Applies to Most of These Claims**

10   Plaintiff Ronald Cupp raised issues pertaining to the February 15, 2019 inspection, the
11   July 30, 2020 inspection, the PG& E shutoff, and related Monell claims, in *Cupp v. County of*
12   *Sonoma, et al*., U.S. District Court, Northern California, Case No. 20-cv-03456.  That case was
13   dismissed with prejudice and a Judgment entered in favor of the remaining defendant, Andrew
14   Smith, on March 30, 2023.

15   In the original complaint in Case No. 20-cv-03456, the request for a TRO and
16   Preliminary Injunction, the Amended Complaint, and argument in response to County
17   Defendants two Motions to Dismiss, all the same issues were raised as are being re-hashed in
18   this matter with the exception of the June 2022 alleged flyover.  Instead of taking that case to
19   trial, then appealing those issues, Plaintiff Ronald Cupp dismissed that case with prejudice.  That
20   dismissal resulting in an adverse judgment, precludes him from raising any of the same claims in
21   this case.

22   Under the doctrine of claim preclusion, "a final judgment on the merits" in a case
23   precludes a successive action between "identical parties or privies" concerning "the same 'claim'
24   or cause of action." *Mpoyo v. Litton Electro-Optical Sys*., 430 F.3d 985, 987 (9th Cir. 2005);
25   *Sidhu v. Flecto Co*., 279 F.3d 896, 900 (9th Cir. 2002).  Res judicata, or claim preclusion,
26   prohibits lawsuits on "any claims that were raised or could have been raised" in a prior action.
27   *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001). Claim preclusion
28   requires a final judgment on the merits. "Dismissal with prejudice" is interchangeable with "final

judgment on the merits." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002); see also *Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 505 (2001).

In addition to the prohibitions already placed on Plaintiff due to statute of limitations and lack of any clearly established constitutional right, these same allegations and claims were made in the prior case dismissed with prejudice on March 30, 2023.  They cannot be resurrected in this case.  This includes any attempt to state a valid *Monell* claim which was dismissed in the prior action.

**D.  Plaintiffs Have Not Stated a Valid Claim Based on Monell**

Under the well-established standards of *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the County may be called to answer a Section 1983 claim in federal court only if the complaint plausibly alleges a pattern, practice, or custom of constitutional violations. See *Monell*, 436 U.S. at 690-91.

Single or isolated events in the context of this type of case are simply insufficient to state a plausible claim under *Monell*: "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy." (*Trevino v. Gates*, 99 F.3d 911, 918, (9th Cir. 2008)   "A policy or practice requires more than a few occurrences of challenged conduct. A single or even a few isolated and sporadic incidents of unconstitutional conduct are not enough to impose municipal liability under Section 1983." *Gant v. Cnty. of Los Angeles,* 772 F.3d 608, 618 (9th Cir. 2014).)  Under *Monell* standards, an "isolated instance . . . is insufficient evidence of a 'policy statement, ordinance, regulation, or decision officially adopted and promulgated by' the County."  (See *Marsh v. County of San Diego*, 680 F.3d 1148, 1159 (9th Cir. 2012) (internal citations omitted).)

Plaintiff has alleged a few incidents when his fellow cannabis growers supposedly saw drones in the vicinity of their property, but these isolated instances, even if true, do not change in any significant way, the allegations about a "policy or practice" since the claim still deals with Ronald Cupp's allegations of a drone flight in March 2020, and another supposed nearby flight

1   in June 2022.  The flight in March 2020 is not actionable nor are the alleged flights over his

2   friends' properties.

3   **E.  There is No Monell Liabilty Under Respondeat Superior**

4        The County cannot be held liable merely for employing a tortfeasor under a respondeat

5   superior theory. (*Monell*, *Id.,*  436 U.S. at 691.)  Instead, a county can only be held liable under

6   §1983 where the county itself caused the constitutional violation through "execution of a

7   government's policy or custom, whether made by its lawmakers or those whose edicts are acts

8   may fairly be said to represent official policy." (Id., at 694.)  Accordingly, "a plaintiff must

9   allege that the action inflicting injury flowed from either an explicitly adopted or a tacitly

10  authorized [municipal] policy."  *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir. 1986).

11       Further, a plaintiff must allege a "direct causal link" between the constitutional

12  deprivation and a municipal policy or custom.  *Erdman v. Cochise County, Arizona*, 926 F.2d

13  877, 882 (9th Cir. 1991), quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).)  This

14  requires that a plaintiff actually allege the specific "policy" that caused the constitutional

15  deprivation and resulting injury – mistakes or isolated events of municipal officials do not arise

16  to the level of "policy" sufficient for § 1983 liability.  (*Id*.)

17       In this case, Ronald Cupp is clearly blaming individual inspectors with "unfettered

18  discretion" for his woes. Their conduct is not directed by the two polic(ies) that are mentioned,

19  nor the conclusory pleading about lack of supervision and training.

20  **F.       Monell Claim Is Not Established By Broad Conclusory Pleading**

21       In *Gygax v. Grule* 1994 WL 715625 (1994) this Court faced similar overbroad

22  conclusory pleading as present in this case. The Court granted Defendant county and county

23  employees' Motion to Dismiss as to eleven causes of action for trespass and violations of

24  constitutional rights.  "A plaintiff must allege facts, not simply conclusions, that show that an

25  individual was personally involved in the deprivation of his [or her] civil rights." See *Barren v.*

26  *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

27       In this case, the only specific facts that allege deprivation of civil rights relate to the

28  claims of improper searches in February 2019, July 2020, and June 1, 2022.  Also mentioned on

"information and belief" is a vague reference to a May 2020 drone flyover. The other allegations are supposition, innuendo, conclusion, and argument.

### G.      Claim for Injunctive Relief Should Be Dismissed

There are no allegations in the Amended Complaint that support a claim for injunctive relief for Ronald Cupp, let alone one of the magnitude seeming to be sought in the "Prayer for Relief". See for example *Baird v. Bonta* 81 F.4th 1036, 1040 for the appropriate legal standard to analyze a preliminary injunction motion. See also the discussion by the Honorable Phyllis J. Hamilton in denying a request for injunctive relief in Case No. 20-cv-03456. (**RJN Exhibit No. 2, pp. 4-8**).

### H.      County Requests Injunctive and Declaratory Relief Be Dismissed Based Upon Younger Abstention Doctrine; Any Remaining Damage Claims Should Be Stayed

The facts and circumstances leading to inspections, the notice of violations of County codes, requests to abate unpermitted and nuisance conditions at the Property, and requests for civil penalties; resulted in an administrative hearing with a Decision by Hearing Officer on February 11, 2021. (**RJN Exhibit No. 8**)

After the abatement hearing, and after several months delay, Plaintiff began efforts to remedy the conditions at the property. Attempts were unsuccessful settle the issues surrounding the code violations and accruing penalties. County of Sonoma was forced to file a legal action in State Court to obtain the final abatement of conditions and recovery of civil penalties awarded by the Hearing Officer on February 11, 2021. That Complaint was filed on June 23, 2023, in Superior Court of California, County of Sonoma, Case No. SCV-273578, County of Sonoma v. Ronald Cupp, et al. (**RJN Exhibit No. 9** )

In civil cases, the *Younger* Abstention Doctrine is: "appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." (*Readylink Healthcare, Inc., v. State Compensation Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (citing *Sprint Communs., Inc. v. Jacobs*, 134 S. Ct. 584, 593-94 (2013).) "If these 'threshold elements' are met, we then consider

1   whether the federal action would have the practical effect of enjoining the state proceedings and

2   whether an exception to *Younger* applies."  (*Id., quoting Gilbertson v. Albright*, 381 F.3d 965,

3   983-84 (9th Cir. 2004).)

4          The Ninth Circuit has applied the *Younger* Abstention Doctrine to a 42 U.S.C. section

5   1983 lawsuit challenging an on-going state code enforcement action.  (*Herrera v. City of*

6   *Palmdale* , 918 F.3d 1037 (2019)).  *Hererra* involved an action by the City of Palmdale asserting

7   that there were numerous code violations at Plaintiffs' motel property and it was a public

8   nuisance.  The City filed a complaint in state court almost simultaneously to the Plaintiff owners'

9   federal court action for damages and declaratory and injunctive relief.

10         The 9th Circuit held the state court nuisance enforcement action by the City was a (1) was

11  a civil enforcement proceeding within the scope of the *Younger* doctrine; (2) implicated

12  important state interests; and (3) provided an adequate opportunity to raise the federal

13  constitutional claims.  The Court noted 918 F.3d at 1048 that "*Younger* applies to requests for

14  declaratory relief because 'ordinarily a declaratory judgment will result in precisely the same

15  interference with and disruption of state proceedings that the longstanding policy limiting

16  injunctions was designed to avoid.'"  *Gilbertson v. Albright* (9th Cir. 2004) 381 F.3d 965,971,

17  citing *Samuels v. Mackell* (1971) 401 U.S. 66, 72.

18         In the context of claims for damages, the Ninth Circuit has held that "*Younger* principles

19  apply . . . because a determination that the federal plaintiff's constitutional rights have been

20  violated would have the same practical effect as a declaration or injunction on pending state

21  proceedings." *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004). In contrast to claims for

22  injunctive relief, however, damages actions should not be dismissed but stayed "until the state

23  proceedings are completed." *Id.*

24         The Complaint in Superior Court of California, Sonoma County No. SCV-273578, is

25  primarily an attempt to complete enforcement of the Final Administrative Hearing Order, entered

26  after hearing in the code enforcement administrative proceedings against Ronald Cupp

27  commenced with the Notice & Orders issued on February 15, 2019, and subsequent Notice &

28  Orders on July 30, 2020.  Plaintiff was provided his due process to contest these noticed

1  violations in an administrative hearing that resulted in a Decision on February 11, 2021.  He also

2  was provided due process when he contested the constitutionality of the original inspection on

3  February 15, 2019, in *Cupp v. Smith*, Case No. 4:20-cv-03456, and raised the issues about the

4  July 30, 2020 inspection and County policies.

5         Under the Younger abstention doctrine, federal courts must "abstain from granting

6  injunctive or declaratory relief that would interfere with pending state judicial proceedings."

7  *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) (overruled on other grounds).

8  **V.     CONCLUSION**

9         Plaintiff is improperly creating controversy where it does not exist. He makes broad

10  accusations, against the County and several individual defendants without legal or factual

11  justification.  Many of the alleged claims have been adjudicated in prior litigation or dismissed in

12  this lawsuit. The County Defendants, jointly and individually, request the Court dismiss this

13  lawsuit with prejudice for the numerous reasons described above.

14

15  Dated: May 10, 2024                    ROBERT H. PITTMAN, County Counsel

16

17                                         By:  /s/ Michael A. King

18                                             Michael A. King
                                               Attorneys for Defendant
19                                             COUNTY OF SONOMA, et al.

20

21

22

23

24

25

26

27

28