ROBERT H. PITTMAN #172154
County Counsel
MICHAEL A. KING #77014
Deputy County Counsel
County of Sonoma
575 Administration Drive, Room 105A
Santa Rosa, California 95403
Telephone: (707) 565-2421
Facsimile: (707) 565-2624
E-mail: michael.king@sonoma-county.org

Attorneys for Defendant
COUNTY OF SONOMA
TENNIS WICK, TYRA HARRINGTON,
TODD HOFFMAN, JESSE CABLK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CUPP, an individual<br><br>　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF SONOMA, a municipal corporation; TENNIS WICK, in his individual and official capacities; TYRA HARRINGTON, in her individual and official capacities; TODD HOFFMAN, in his individual and official capacities; JESSE CABLK, in his individual and official capacities; DOES 1-50, inclusive<br><br>　　　Defendants.<br>_____/ | **Case No. 4:23-cv-01007**<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: 07/19/2024<br>Time: 2:00 p.m.<br>Courtroom: 6, 2nd Floor<br>Judge: Jon S. Tigar |

### I.   OPPOSITION DOES NOT PROVIDE JUSTIFICATION FOR PROPOSED INCLUSION OF PREVIOUSLY DISMISSED CLAIMS

In the Court's Order pertaining to the Motions to Dismiss the original Complaint (ECF 42), the Honorable Jon S. Tigar granted the motions, "as to all claims against Individual Defendants other than Cablk and Hoffman, all claims to the extent that they are not predicated on the 2022 Incident, Cupp's Section 1983 claims against Cablk and Hoffman, and Cupp's claims under the California Constitution. These claims are dismissed without leave to amend on the

1  ground that amendment would be futile."  In other words, Plaintiff was not permitted to re-allege
2  Section 1983 claims other than *Monell* claim against the County for the drone policy.

3  Despite this ruling, Plaintiff Cupp has attempted to re-allege facts giving rise to claims
4  pursuant to Section 1983 against individual defendants, Tennis Wick, Tyra Harrington, Todd
5  Hoffman, and Jesse Cablk.  Perhaps the County defendants should also have moved to strike
6  these allegations pursuant to Federal Rules of Civil Procedure, Rule 12(f), since they are
7  redundant and immaterial.

8  Plaintiff's counsel first stated an intention to amend to seek class action status (ECF 43),
9  but abandoned that improvident approach. In an April 16, 2024, Joint Case Management
10 Statement, Plaintiff counsel acknowledged the ruling of ECF 42, and added <u>only</u> an intention to
11 state a claim for excessive fines as protected by the Eight Amendment pursuant to Section 1983
12 (ECF 46, p. 2-3).  Instead of merely adding a claim for excessive fines, the First Amended
13 Complaint attempts to resurrect claims that were already dismissed with prejudice, thus requiring
14 Defendants to re-state the bases for the dismissal.

## II. PLAINTIFF HAS NOT PROVIDED ANY BASIS FOR A CLAIM AGAINST ANY DEFENDANT OTHER THAN PREVIOUSLY ALLOWED BY THIS COURT

**A. Allegations Remain Conclusory Without Stating a Claim**

Similar to the First Amended Complaint ("FAC") itself, the Opposition is filled with conclusory and broad statements without establishing a rationale for a §1983 claim. It is unclear why Plaintiff spends so much time in the FAC discussing the Code Enforcement Program.  It is the job of the County Code Enforcement inspectors to seek enforcement of county codes, which included enforcement of cannabis permit requirements after the passage of state law allowing local entities to regulate cannabis cultivation operations.  Code enforcement includes enforcement of building codes, zoning codes, grading violations, etc.

A California county has authority, to declare a "condition" existing on a piece of land a public nuisance and the power to declare what uses or activities constitute a public nuisance. *People v. Johnson* (1954) 129 Cal. App. 2d 1, 6-7.  The County of Sonoma has the authority to

remove or abate a public nuisance (Calif. Civil Code §3494), by civil action for abatement. (Calif. Civil Code §3491).

A violation of the Sonoma County Code is a "Public Nuisance" by definition. Sonoma County Code ("SCC") Section 1-7(e). This means that each of the building code violations and each of the zoning code violations constitutes a public nuisance.

This case is about Mr. Cupp and the supposed unlawful trespass on his property by a drone in June 2022.  It is not about the alleged warrantless search in February 2019, nor the search conducted pursuant to a warrant reviewed and approved by a judicial officer in July 2020, nor the shut-off of his power by PG&E due to very dangerous conditions of electrical wires draped in a building with ponding irrigation water, nor any other supposed conduct that preceded March 2021.  It certainly has nothing to do with Mr. Cupp's friends who also failed to abate violations when asked. E.g., *County of Sonoma v. Stavrinides, et al*., Sonoma County Superior Court, SCV-265109, affirmed on appeal in an unpublished decision in the California Court of Appeal, 1st District; 2024 WL 718215 (civil penalties exceeding $1 million awarded using *People v. Braum* factors).

It is now suggested in the Opposition (ECF 60, p. 5: 3-8) that Plaintiff intends to seek discovery pertaining to other properties and other owners, after having requested, but abandoning any right to pursue a class action.  This case does not concern other property owners who engage in similar conduct as Mr. Cupp.

### B.   No Violation of Fundamental Right is Alleged

With reference to the further attempts to state §1983 claims, Plaintiff must show a fundamental right is violated.  In order to allege a substantive due process claim, Ronald Cupp must "show that the [County's] actions are 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare.'" *Slidewaters LLC v. Washington State Dep't of Lab. & Indus.*, 4 F.4th 747, 758 (9th Cir. 2021) (quoting *Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1058 (9th Cir. 2012), cert. denied, 142 S. Ct. 779 (2022)). A plaintiff who brings a substantive due process claim outside the fundamental rights arena "shoulder[s] a heavy burden." *Id.* at 1262.

"To state a substantive due process claim, the plaintiff must show as a threshold matter that a state actor deprived it of a constitutionally protected life, liberty, or property interest." *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008). It should be noted, "[h]owever, [that] [t]he Supreme Court has 'long-eschewed . . . heightened [means-ends] scrutiny when addressing substantive due process challenges to government regulation' that does not impinge on fundamental rights." *Shanks, Id.* (quoting *Lingle v. Chevron U.S.A. Inc.,* 544 U.S. 528, 542, (2005)).

For that reason, "the 'irreducible minimum' of a substantive due process claim challenging land use action is failure to advance any legitimate governmental purpose.'" *Shanks*, 540 F.3d at 1087 (quoting *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 484 (9th Cir. 2008)); see also *Matsuda v. City and County of Honolulu*, 512 F.3d 1148, 1156 (9th Cir. 2008)

No protected property interest exists under federal due process where the property interest at issue is cannabis. *Raley v. Williams,* 2019 WL 1099987, *4-5 (E.D. Cal. 2019). No protected property interest exists with respect to unpermitted structures, code violations and other nuisances. Landowners do not have a constitutionally protected liberty or property right to build on their land however they see fit, or to forgo regulations and permits. *Lakeview Dev. Corp. v. City of S. Lake Tahoe* (9th Cir. 1990) 915 F.2d 1290, 1300; *Bowers v. Whitman* (9th Cir. 2012) 671 F.3d 905, 916 ("an interest in a particular land use does not constitute a protected property interest"). "The Supreme Court has recognized that land-use planning is not an all-or-nothing proposition. A government entity is not required to permit a landowner to develop property to the full extent it may desire." *Lakeview Dev.,* 915 F.2d at 1300. And, government action that "affects only economic" interests does not implicate fundamental rights. *Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1058 (9th Cir. 2012) .

Municipal liability "is contingent on a violation of constitutional rights" and a public agency cannot be liable under §1983 without an underlying finding that an individual agency employee caused a constitutional violation in the first place. *Scott v Henrich* (9th Cir. 1994) 39 F.3d 912, 916. Assuming that the alleged facts are true, the Court has found that a *Monell* claim can proceed on the drone policy claim only against the County . No fundamental constitutional

right is alleged to have been violated other than the alleged unlawful search for which qualified immunity exists for all individual defendants.

The fact that the County has policies to enforce its codes is completely inconsequential. It is very likely that all 58 California counties, and most of California cities have policies to enforce their codes. Zoning ordinances implicate "a vital public interest—not one that is strictly between the municipality and the individual litigant." (*Pettit v. City of Fresno* (1973), 34 Cal.App.3d 813, 819.)  The Ninth Circuit also has concluded that state nuisance proceedings implicate important state issues. (*Herrera v. City of Palmdale* , 918 F.3d 1037 (9th Cir. 2019); see also *Citizens for Free Speech, LLC v. City of Alameda*, 953 F.3d 655, 2020 WL 1429320, at *2 (9th Cir., 2020) (Abatement proceeding also implicated an important state interest, namely the County's strong interest in its land-use ordinances and in providing a uniform procedure for resolving zoning disputes).

### III. NO BASIS FOR A MONELL CLAIM IS STATED WITH POSSIBLE EXCEPTION OF DRONE POLICY

The attempts to expand the scope of the *Monell* claim to somehow include the dismissed defendants Tennis Wick and Tyra Harrington, are not supported by the FAC's allegations nor by arguing that there are 4 ways to establish a claim. (ECF 60, pp. 18-19).  The actual allegations in the FAC are conclusory in nature and do not state facts, only argument and often on "information and belief".  (ECF 49, ¶¶ 115-123).  These allegations do not even support a *Monell* claim against the County.  As noted *supra*, Plaintiff must clearly allege a plausible violation of a constitutional right.

Notably, none of the cases cited on pp.18-19 of the Opposition (ECF 60) are 9th Circuit cases, and none establish a *Monell* claim for enforcement of County zoning and building codes. *Gregory v. City of Louisville*, 444 F.3d 725, 724 (6th Cir. 2006) resulted in summary judgment affirmed for supervisory defendants on a prisoner's continuing detention claim. The court held that supervisory liability under 42 U.S.C.S. § 1983 cannot attach where the allegation of liability is based upon a mere failure to act. Rather, the supervisors must have actively engaged in unconstitutional behavior. Therefore, liability must lie upon more than a mere right to control employees and cannot rely on simple negligence.  *Gregory*, 444 F.3d  at 751.

*Sharp v. City of Houston,* 164 F.3d 923, 936 (5th Cir. 1999), does not involve a *Monell* claim. It involved a retaliation claim by an employee for making sexual harassment complaints. The Court in *Watson v. City of Kansas City*, 857 F.2d 690, (10th Cir. 1988) allowed a *Monell* claim to proceed in a domestic violence case, but not any supervisory liability, nor conclusory pleading about code enforcement activities that were already judicially determined in another action.

The discussion about supervisor liability, including the Rodney King beating cases is inapposite. (See ECF 60, pp. 22-23). Plaintiff Ronald Cupp's proposed First Amended Complaint does not allege any affirmative conduct or direct authorization of actions on the part of Tennis Wick or Tyra Harrington, such as mentioned in these cases from various circuit courts. The Opposition even concedes that the various cases involving a supervisor, Sergeant Stacey Koon, municipal liability was based upon Koon's failure to prevent the beating in his presence. (ECF 60, p. 23).

### IV. PLAINTIFF PROVIDES NO LEGAL BASIS WHY CLAIMS RAISED IN THE DISMISSED ACTION ARE NOT PRECLUDED IN THIS MATTER

#### A. Claims Preclusion Exists for Almost All Claims in the FAC

Plaintiff provides little or no argument why allegations about the prior events before March 2021, are not barred 1) because of the statute of limitations, and 2) equally because all of those events were raised and decided by Judge Hamilton in *Cupp v. Smith*, Case No. 4:20-cv-03456. The dismissal with prejudice of Case No. 4:20-cv-03456 on March 30, 2023, eliminates those events from consideration in this case. (ECF 51, pp. 157-158). While trial in Case No. 4:20-cv-03456 was pending in early March 2023, Plaintiff filed and served this Case No. 4:23-cv-01007. The County's Motion to Dismiss had to be filed by April 5, 2023. (ECF 12). In any event, the filing of an amended complaint entirely supplants or replaces the original or any prior complaint, which is "treated thereafter as nonexistent." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015)

The Opposition also completely ignores the February 11, 2021, Statement of Decision and Administrative Order which contains specific findings that set out abatement costs owed at the time, existing civil penalties, and penalty calculation into the future until the violations are

cleared. (ECF 51, pages 176-178). In *County of Sonoma v. Gustely*, 36 Cal. App. 5th 704 (Cal. Ct. Appeal 2019), held that it was error for the trial judge to alter the findings of the administrative hearing officer as to the daily amount of civil penalties and the award of attorneys' fees and costs recoverable in the administrative hearing process.

The discussion about "excessive fines" is filled with erroneous statements of fact in an apparent attempt to bolster this argument. There are no "excessive fines" in this case since the amounts were fixed by the Administrative Hearing Officer on February 11, 2021. (ECF 51, pp. 174-176). Mr. Cupp was provided an administrative hearing. Mr. Cupp had the right to challenge that decision in state court pursuant to writ. Calif. Code Civ. Pro. §1094.5. See *Kenneally v. Lundgren*, 967 F.2d 329, 333 (9th Cir. 1992) (holding that the statutory framework established in California Civil Code § 1094.5 provides a meaningful opportunity to raise constitutional challenges.)

It was solely in Mr. Cupp's power not to incur these civil penalties. Other than his financial interest in avoiding payment, there is no right at issue in this case.

**B. Plaintiff's Inaccurate Representations Have No Bearing on this Motion**

While they do not impact the decisions of this Court on the Motion to Dismiss, the references in the Opposition about the State Court action are also erroneous on a purely factual basis. (ECF 60, p. 17: 3-12). Mr. Cupp knew before his last minute ex parte application for a restraining order that there was no pending tax sale for at least a year from now. He has failed to pay property taxes for years since regaining ownership of the property: taxes which have nothing to do with abatement costs. Mr. Cupp was provided multiple notices about overdue property taxes despite his representations. (ECF 60, p. 17: 13-14)

Abatement costs can be added to the tax rolls. Calif. Govt. Code §25854. Mr. Cupp was provided notice by County Counsel about this procedure, as required.

Perhaps the most egregious misrepresentation is the suggestion that somehow the filing of the State Court Complaint in Sonoma Superior Court was unnecessary since Mr. Cupp had supposedly cleared all the violations. (ECF 60, p. 17: 13-14) The Complaint was expressly filed because the violations were not being fully abated, despite various communications with Mr.

Cupp's consultants.  Only after Plaintiff was notified that this Complaint was filed, did the remaining violations get resolved.

All the extraneous and inaccurate discussion of facts and arguments have nothing to do with pleading a *Monell* claim against the County for anything other than possibly the alleged improper conduct related to the County's drone policy.

### C.     Excessive Fines Claim Was Previously Decided

It is not clear why Plaintiff argues that no legal authority was provided to support dismissal of the addition of a claim for "excessive fines" under the Eighth Amendment.  The claim was previously made in the prior case of *Cupp v. Smith*, Case No. 4:20-cv-03456. That decision was attached to this subject Motion to Dismiss the FAC. (ECF 51, pp. 35- 59).  In her decision, Judge Hamilton dismissed that 8th Amendment claim on the same deficient pleadings of "excessive fines"; citing legal authority of *Pimentel v. City of Los Angeles,* 966 F.3d 934, 938 (9th Cir. 2020) and *United States v. Bajakajia*n, 524 U.S. 321, 336-37 (1998).  She expressly found that plaintiff failed to proffer any authority supporting the application of the Eighth Amendment to county government civil fines. (ECF 51, pp. 50-51). The U.S. Supreme Court in No. 23-175, *City of Grants Pass v. Johnson*, pg. 17, Fn. 4, (June 28, 2024) just reiterated that the court "has never held that the Cruel and Unusual Punishments Clause extends beyond criminal punishments to civil fines and orders."

The same deficient pleading exists in the First Amended Complaint in this case.  Mr. Cupp again fails to adequately plead the *Bajakajian* factors. He fails to discuss or plead why the civil penalties awarded by the Administrative Hearing officer violate his constitutional rights. Plaintiff fails to plead any excuse for his failure to promptly comply with that decision in February 2021, instead incurring daily civil penalties until his recent abatement of the remaining violations.

Civil penalties may have a punitive or deterrent aspect, but their primary purpose is to secure obedience to statutes and regulations imposed to assure important public policy objectives. Such civil penalties require no proof of actual harm to a tenant. Moreover, a penalty statute presupposes that its violation produces damage beyond that which is compensable.

*City and County of San Francisco v. Sainez,* 77 Cal. App. 4th 1302, 1315 (Calif. Ct. Appeal 2000)   In *Sainez*, the First District Court of Appeal discussed the *Bajakajian* analysis in upholding total penalties of $666,300 for housing and building code violations. 77 Cal.App. 4th at 1322-1323.

While the First Amended Complaint includes conclusory statements about "excessive fines", no fundamental right is clearly alleged.  The County can only speculate that Plaintiff Cupp is arguing he has a fundamental right to ignore the Administrative Hearing Officer's Statement of Decision as to abatement costs and civil penalties, delay the resolution of the violations, and yet claim that the accumulation of daily penalties that were set out in the Statement of Decision is somehow "excessive".  Mr. Cupp had every right to challenge the evidence at the administrative hearing and did so.  He had every right to challenge the Statement of Decision pursuant to California Code of Civil Procedure §1094.5, but did not do so in a timely manner.

*People v. Braum*, 49 Cal.App.5th 342 (Calif. Ct. Appeal 2020), also discusses factors to consider in awarding civil penalties, like *United States v. Bajakajian*, 524 U.S. 321, (1998). In *Braum,* an award of more than $6 million in civil penalties was determined not to be excessive.

### V.     PLAINTIFF ARGUMENT ABOUT ABSTENTION DOCTRINE FAILS

While apparently attempting to find a cannabis case that declined to follow some abstention doctrine, Plaintiff cites a single case.  The reliance on *Peridot Tree, Inc. v. City of Sacramento,* 94 F.4th 916 (9th Cir. 2023) in misplaced.  Although the 9th Circuit in *Peridot Tree*, discussed several abstention doctrines, it did not decide any issue about the Younger Abstention Doctrine. The 9th Circuit did not overrule *Herrera v. City of Palmdale ,* 918 F.3d 1037 (9th Cir. 2019).  A highly significant fact in *Peridot Tree* was the absence of any state law claim.  Mr. Cupp's case which has claims pertaining to alleged June 2022 trespass that were not dismissed by the Court in ECF 42.

No authority or argument is presented in opposition to abstention based upon *Herrara v. City of Palmdale, supra;* and *Gilbertson v. Albright (*9th Cir. 2004) 381 F.3d 965.

### VI. CONCLUSION

Since a State court action was necessitated, in which Mr. Cupp has now filed a Cross-Complaint attempting to pursue his State law claims, the County requests that the claims not allowed in the prior Order (ECF 42), be dismissed again with prejudice. The County requests a finding that attempting to re-allege these dismissed claims months later is not in good faith. The County also requests that any Monell claim also be dismissed with prejudice. All remaining state law claims can be dismissed from this case, without prejudice.

Dated: July 1, 2024                         ROBERT H. PITTMAN, County Counsel

                                                    By: /s/ Michael A. King
                                                       Michael A. King
                                                       Attorneys for Defendant
                                                       COUNTY OF SONOMA