UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CUPP,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF SONOMA, et al.,<br><br>        Defendants. | Case No. 23-cv-01007-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Re: ECF No. 50 |

Before the Court is Defendants Tennis Wick, Tyra Harrington, Todd Hoffman, Jesse Cablk ("Individual Defendants"), and the County of Sonoma's ("County") motion to dismiss Plaintiff Ronald Cupp's First Amended Complaint ("FAC").[1] ECF No. 50. The Court will grant the motion.

## I. BACKGROUND

### A. Facts Alleged in the First Amended Complaint

The following facts are taken from the FAC, ECF No. 49, except where otherwise stated. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).

In 2017, the County enacted a Code Enforcement Enhancement Program ("CEEP Policy"). ECF No. 49 at 2. Under the CEEP Policy, County Code Enforcement Inspectors have discretion to determine the amount of a landowner's fines and penalties for local code violations. *Id.* at 3.

Plaintiff Cupp owns the property located at 4640 Arlington Avenue, in the city of Santa Rosa, California. ECF No. 49-1 at 3. On February 15, 2019, County Code Enforcement Inspector Andrew Smith entered and took photographs of Cupp's property without a warrant ("2019

---

[1] Although the FAC is entitled "[Proposed] First Amended Complaint for Declaratory Relief, Injunctive Relief, and Damages," ECF No. 49, the parties treat it as the operative complaint, and the Court does likewise.

Incident"). ECF No. 49 ¶¶ 30–34. During that inspection, the County determined that Cupp had performed remodeling on his property without a permit in violation of the Sonoma County Code.[2] ECF No. 49-1 at 25. Cupp then received two letters titled "Civil Penalties Due and Payable." *Id.* at 25–26; ECF No. 49 ¶ 35. The letters stated that Cupp owed a total of $22,680 in civil penalties as of April 19, 2019, which "will continue to accrue at the rate of $90 per day" per violation. *Id.* On May 13, 2019, the County recorded two Notices of Abatement Proceedings against Cupp's property with the Sonoma County Assessor-Recorder's Office. *Id.* ¶ 36. On August 28, 2019, the County mailed Cupp a Notice of Abatement Hearing. *Id.* ¶ 37.

Separately, in 2019, the County, through its Permit and Resources Management Department ("Permit Department"), enacted and implemented policies and procedures regarding Unmanned Aircraft Systems (the "Drone Policy"). *Id.* ¶ 41. The Drone Policy was authored primarily by Defendant Harrington, a Code Enforcement Manager, and approved by Defendant Wick, acting in his capacity as the Permit Department's Director. *Id.* ¶ 45. Under the 2019 Drone Policy, the County may use drones to investigate

> complaints received about alleged violations of the Sonoma County Code. These inspections of unpermitted and/or illegal land uses include, but are not limited to violations of zoning regulations, such as cannabis cultivation[,] non-operative motor vehicle storage yards, and junkyard conditions. A [drone] may also be employed for complaints and/or investigations alleging unpermitted construction, grading, and drainage improvements/obstructions."

*Id.* ¶ 51.

On March 27, 2020, Defendants Jesse Cablk and Andrew Hoffman flew a drone over Cupp's property without obtaining a warrant ("2020 Incident"). *Id.* ¶¶ 58–59. On July 20, 2020, Defendant Hoffman used the "aerial imagery obtained on March 27, 2020," to obtain an inspection warrant. *Id.* ¶¶ 61, 68. Cupp alleges that the Drone Policy violates the Fourth Amendment. *Id.* at 9.

---

[2] The alleged violations include construction without required permits, unpermitted commercial cannabis cultivation, "dangerous building," unpermitted use of the property as a junkyard, and unpermitted use of the property for an occupied travel trailer. ECF No. 51 at 165 (quotation marks in original).

On July 30, 2020, Defendants Harrington, Hoffman, Smith, and at least five additional County officers, acting pursuant to the inspection warrant issued on July 20, 2022, entered onto Cupp's property. *Id.* ¶ 73. Ultimately, based on the inspection warrant, "Defendants issued seven separate Notices and Orders." *Id.* ¶ 74.

On December 11, 2020, and January 18-22, 2021, the County conducted an administrative abatement hearing against Cupp regarding the 2019 and 2020 citations. *Id.* ¶¶ 79–81. On February 11, 2021, the hearing officer issued a decision determining that: "there was unpermitted construction to the primary dwelling and the barn, and conversion of a garage to a dwelling unit"; "there were numerous instances of unpermitted construction"; "the Property was used for an unpermitted commercial cannabis cultivation operation"; and the property encompassed "the unpermitted occupancy of a travel trailer." ECF No. 51 at 165. The hearing officer found that the "dangerous building" allegation was not properly within the scope of the proceedings, and that the evidence did not support the allegations of a zoning violation for a converted garage or the unpermitted use of the property for a contractor's storage yard. *Id.*

On June 1, 2022,[3] Defendants Cablk and Hoffman again flew a drone over Cupp's property without a warrant (the "2022 Incident"). *Id.* ¶ 84. Cupp does not allege that this flyover led to any additional notices or orders.

### B. Prior Litigation

This is not Cupp's first lawsuit regarding many of these issues. On May 21, 2020, Cupp filed a complaint against the County and individual defendants Andrew Smith, Margaret Willett, Tyra Harrington, Mark Franceschi, and Tennis Wick. *Cupp v. Smith*, Case No. 20-cv-3456, ECF No. 1 (N.D. Cal May 21, 2020) ("*Cupp I*"); ECF No. 51 at 5. Cupp alleged that Smith entered Cupp's property without his consent on February 15, 2019, conducted a search, and issued citations to Cupp, *id.* ¶¶ 20–23; that Cupp was denied his right to appeal the citations, *id.* ¶ 26; that

---

[3] Plaintiff's complaint and Plaintiff's opposition to Defendants' motion to dismiss give inconsistent dates for this alleged drone flyover. The Court uses June 1, 2022 because that is the date given in the complaint. *See Jimenez v. GEICO Gen. Ins. Co.*, 448 F. Supp. 3d 1108, 1113 (D. Nev. 2020) (court cannot consider facts included in opposition to motion to dismiss that are not in the complaint).

3

Cupp received a notice of civil penalties in the amount of $17,010 plus $90 per day, *id.* ¶ 27; and that a notice of abatement was filed against Cupp's property on June 13, 2019, *id.* ¶ 30. He brought claims under Section 1983 for violation of his Fourth Amendment right against unreasonable searches and violation of his right to due process by virtue of the denial of his right to appeal; a Section 1985 claim for conspiracy to deprive him of his right to hearing and an appeal; a Section 1986 claim for failing to prevent slander of the property; and state law claims for trespass, "land patent infringement," slander of title, and excessive fines. *Id. passim.* As part of his Section 1983 claims, Cupp brought a *Monell* claim against the County based both on its alleged failure to train its employees and its alleged policy and custom of acting in concert with others to violate Cupp's rights. *Id.* ¶¶ 51–54; *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). On September 9, 2020, Judge Hamilton dismissed Cupp's complaint in its entirety, allowing leave to amend only regarding Cupp's Section 1983 claim against Smith for unlawful search and the trespass claim against Smith. ECF No. 51 at 58. She also permitted Cupp, in a future amended complaint, to allege a *Monell* claim. *Id.*

On October 7, 2020, Cupp filed an amended complaint. *Cupp I*, Case No. 20-cv-3456, ECF No. 38 (N.D. Cal Oct. 7, 2020); ECF No. 51 at 61. As required by Judge Hamilton's September 2020 order, his claims were limited to a § 1983 Fourth Amendment claim; trespass; and *Monell* liability. *Id.* Although Cupp added some details about the events of 2019, the factual allegations of his amended complaint were not materially different from those in his original complaint. On February 17, 2021, Judge Hamilton dismissed Cupp's *Monell* claim with prejudice. ECF No. 51 at 155. She also struck any reference to defendant Tennis Wick, who had been dismissed by prior order. *Id.* at 144. On February 23, 2022, Judge Hamilton granted summary judgment in favor of Smith on Cupp's trespass claim. *Cupp I*, Case No. 20-cv-3456, ECF No. 87 at 9 (N.D. Cal Feb. 23, 2022). On March 30, 2023, by stipulation of the parties, Judge Hamilton dismissed with prejudice Cupp's sole remaining claim "for alleged breach of plaintiff's Fourth Amendment rights based on defendant Andrew Smith's February 15, 2019, inspection/search of the property at 4640 Arlington Avenue in Santa Rosa, California." ECF No. 51 at 157.

4

### C. Procedural History of the Present Case

Cupp filed this action on March 6, 2023. ECF No. 1. He alleged claims for violation of Section 1983—Fourth Amendment; violation of Section 1983—Fifth Amendment; violation of Section 1983—Fourteenth Amendment; violation of Section 1983—conspiracy to violate the Fourth Amendment; violation of Section 1983—conspiracy to violate the Fourteenth Amendment; violation of Article I, Section 7 of the California Constitution; violation of Article I, Section 7 of the California Constitution; trespass; and invasion of privacy. *Id.*

The Court granted in part and denied in part Defendants' motion to dismiss Cupp's original complaint. ECF No. 42. The Court granted the motion with respect to all claims against Individual Defendants other than Cablk and Hoffman; all claims arising prior to March 6, 2021, on statute of limitations grounds; Cupp's Section 1983 claims against Cablk and Hoffman based on qualified immunity; and Cupp's claims under the California Constitution. ECF No. 42 at 9. The Court denied leave to amend the dismissed claims. *Id.* The Court denied the motion as to Cupp's *Monell* claims and Cupp's state common law claims against Cablk, Hoffman, and the County. *Id.*

In June 2023, while Cupp's original complaint was pending before this Court, the County brought an enforcement action against Cupp in Sonoma County Superior Court. ECF No. 51 at 181–198. The complaint in that action asks the state court to compel Cupp to "comply with an Administrative Order [dated February 11, 2021] requiring [Cupp] to abate illegal and hazardous uses on his real property located at 4640 Arlington Avenue." *Id.* at 181–182.

On April 30, 2024, Cupp filed his FAC, which is the currently operative complaint. ECF No. 49. Cupp brings claims against all Defendants under Section 1983 for violation of the Fourth Amendment's prohibition of unreasonable searches and seizures, and violation of the Due Process Clause of the Fourteenth Amendment. *Id.* ¶¶ 103–108. Cupp adds a Section 1983 claim against all Defendants for violation of the Eighth Amendment's prohibition of excessive fines and penalties. *Id.* ¶¶ 109–112. Cupp re-alleges his *Monell* claims against the CEEP Policy and the Drone Policy and his state common law claims for trespass and invasion of privacy. *Id.* ¶¶ 113–138.

Defendants now move to dismiss or stay the complaint in its entirety. ECF No. 50. The

Court took the motion under submission without a hearing. ECF No. 64.

## II.  JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

## III.  REQUEST FOR JUDICIAL NOTICE

Cupp requests judicial notice of three documents filed in support of his opposition to the motion to dismiss, ECF No. 61:

- Exhibit 1: a screen shot of the website of Permit Sonoma Sonoma County's land use planning and development permitting agency, and a copy of its organization chart;
- Exhibit 2: Sonoma County Ordinance No. 6245;
- Exhibit 3: the complaint filed by County in *County of Sonoma v. Alvarez*, Sonoma Superior Court, Case No. 23-cv-00658.

Defendants request judicial notice of documents in support of their motion to dismiss. ECF No. 51; *see also* Fed. R. Evid. 201(b). These include the following documents:

- Exhibit 1: the complaint in *Cupp v. Smith*, United States District Court, Northern District of California, Case No. 4:20-cv-03456, ECF No. 1.
- Exhibit 2: the Order Denying Application for TRO and Motion for Preliminary Injunction in Case No. 4:20-cv-03456, ECF No. 29.
- Exhibit 3: the Order Granting Motion to Dismiss and Denying Motion to Disqualify Counsel in Case No. 4:20-cv-03456, ECF No. 36.
- Exhibit 4: the First Amended Complaint in Case No. 4:20-cv-03456, ECF No. 38.
- Exhibit 5: the Order Granting Motion to Dismiss, Striking References to Wick as a Defendant, and Granting in Part Plaintiff's Motion to Strike Affirmative Defenses in Case No. 4:20- cv-03456, ECF No. 57.
- Exhibit 6: the Order of Dismissal with Prejudice and Judgment in Case No. 4:20-cv-03456, ECF No. 145.
- Exhibit 7: the Voluntary Dismissal in United States District Court, Northern District of California, Case No. 22-cv-04307-PJH, ECF No. 8.
- Exhibit 8: the Statement of Decision and Administrative Order on February 11,

6

2021.

- Exhibit 9: the Complaint to Enforce Administrative Hearing Order; etc.; *County of Sonoma v. Ronald Cupp, et al.*; Superior Court of California, County of Sonoma, Case No. SCV-273578.

Both requests for judicial notice are unopposed.

As a general matter, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). An exception allows a court to consider "matters of public record without converting a motion to dismiss into a motion for summary judgment." *Id.* at 999. "Courts routinely take judicial notice of letters published by the government . . . as well as records and reports of administrative bodies." *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 851 n.10 (9th Cir. 2016) (citations and internal quotation marks omitted). The Court grants the parties' requests for judicial notice in their entirety.

## IV. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations need not be detailed, but facts must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While this standard is not "akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely

consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In determining whether a plaintiff has met the plausibility requirement, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). A plaintiff may "plead[] facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (quoting *Arista Recs., LLC v. Doe 3*, 603 F.3d 110, 120 (2d Cir. 2010)).

## V.   DISCUSSION

Defendants move to dismiss the FAC on statute of limitations grounds; failure to state a claim under § 1983; failure to state a claim under *Monell*; res judicata; and abstention under *Younger v. Harris*, 401 U.S. 37 (1971) ("*Younger*"). ECF No. 50.

The Court held in its prior order that Cupp's claims are time-barred to the extent they arise from events occurring before March 6, 2021. ECF No. 42 at 4. The Court also dismissed without leave to amend "all claims against Individual Defendants other than Cablk and Hoffman, and all claims to the extent that they are not predicated on the 2022 Incident." *Id.* at 3–4, 9. The Court also previously determined that because "Cupp [did] not demonstrate[] that the rights allegedly violated were clearly established," Defendants Cablk and Hoffman were entitled to qualified immunity. *Id.* at 6–8. The Court did not grant leave for Cupp to renew his Section 1983 claims under the Fourth and Fourteenth Amendments in the FAC, and so the Court dismisses these claims with prejudice. *Harrison v. City & Cnty. of San Francisco*, No. 20-CV-05178-JST, 2023 WL 6133178, at *3 (N.D. Cal. Sept. 19, 2023).

Thus, the only claims still before the Court are Cupp's new Eighth Amendment claims against all defendants, Cupp's *Monell* claims against the County, and Cupp's state common law claims against Cablk, Hoffman, and the County.

### A.   Statute of Limitations

Defendants move to dismiss any claims for conduct occurring more than two years prior to

8

the filing of the complaint on statute of limitations grounds.  *See* ECF No. 50 at 9.  In its September 2023 order, the Court held that "Cupp's claims are time barred to the extent they are predicated on events preceding March 6, 2021."  ECF No. 42 at 4.  In his opposition, Cupp acknowledges the Court's prior ruling but argues that claims about conduct occurring before March 2021 "form an integral part of the allegations supporting Mr. Cupp's *Monell* claim in Count Two."[4]

The only conduct by Defendants alleged in the FAC occurring after March 6, 2021 is (1) Defendants Cablk and Hoffman's flying of a drone over Cupp's property on June 1, 2022, ECF No. 49 at 34, and (2) in general terms, the County's continuing to levy fines and penalties against Cupp based on its pre-March 2021 inspections, *id.* at 4.  Claims in the FAC based on any other conduct are therefore dismissed.

### B. Res Judicata

Defendants next move to dismiss Cupp's claims based on res judicata, arguing that "with the exception of the June 2022 alleged flyover," Cupp already raised in *Cupp I* "issues pertaining to the February 15, 2019 inspection, the July 30, 2020 inspection, the PG&E shutoff, and related *Monell* claims."  ECF No. 50 at 16.  Defendants contend that because the "same allegations and claims were made in the prior case [and] dismissed with prejudice on March 30, 2023," "[t]hey cannot be resurrected in this case."  *Id.* at 17.  Because the Court has already dismissed Cupp's claims based on anything other than the June 2022 drone flyover and the post-March 2021 accrual of fines and penalties, and Defendants do not challenge the former claims, it analyzes res judicata only as to post-March 2021 fines and penalties.

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or *could have been raised* in the prior action."  *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (emphasis added).  It requires "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties."  *Id.*  "A claim may be dismissed under the doctrine of res judicata on a motion to dismiss under Rule

---

[4] Cupp's *Monell* claim is the third count of the FAC, so the reference to "Count Two" appears to be a typographical error.

1    12(b)(6) when the Court is able to discern the relevant facts by way of judicial notice of the earlier

2    court proceedings." *Opperwall v. Bank of Am., N.A.*, 561 B.R. 775, 780 (N.D. Cal. 2016), *aff'd*,

3    727 F. App'x 329 (9th Cir. 2018) (quoting *Rasooly v. Self*, No. 14-cv-04521-JSC, 2015 WL

4    3430092, at *2 (N.D. Cal. May 27, 2015)).

>    Courts consider four factors when considering whether there is an identity of claims:
>
>> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917–18 (9th Cir. 2012)

(quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982)).

In most cases, "the inquiry into the 'same transactional nucleus of facts' is essentially the same as whether the claim could have been brought in the first action." *Id.* at 918 (quoting *U.S. v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011)). "A plaintiff need not bring every possible claim. But where claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." *Id.* "The party asserting res judicata has the burden to demonstrate that its requirements are met." *Bailey v. City of El Cajon*, No. 12CV0161 WQH WVG, 2012 WL 2782039, at *2 (S.D. Cal. July 9, 2012) (citing *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404 (9th Cir.1985)).

Turning to the elements of res judicata, the "identity of claims" element is satisfied. Both this case and *Cupp I* brought claims against the County and its employees concerning the fines the County has levied against Cupp for the violations it found on his property. *See Cupp I*, ECF No. 1 ¶¶ 27–29; *Cupp I*, ECF No. 38, ¶¶ 31–32; ECF No. 49 ¶ 110. With regard to the second element, there was a final judgment on the merits in *Cupp I*. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (holding that a "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'"). And there exists an identity of

parties, since both claims were brought against the County.[5]

Cupp argues that res judicata should not apply because he "did not allege then [in *Cupp I*] any of the facts he has learned since that time." ECF No. 60 at 20. This argument is not persuasive. Cupp's new facts in this case pertain to the additional per diem penalties that have continued to accrue since they were first imposed in 2019. *Id.* at 17 ("Although the fines and penalties originated prior to March 6, 2021, the County has imposed additional fines and penalties against Mr. Cupp on top of the initial fines and penalties on a continuous per diem basis all the way to the present day.") These additional per diem penalties are only further examples of the alleged unconstitutional implementation of the CEEP Policy. *See Turtle Island Restoration Network*, 673 F.3d at 918 (finding res judicata where each annual certification alleged by plaintiff was only an example of an improper policy: "there would be nothing stopping [plaintiffs] from bringing a new general challenge to the certification process based on next year's certification decisions. . . . That's exactly the kind of piecemeal litigation res judicata aims to prevent"). The CEEP Policy had already been enacted when *Cupp I* was initiated in October 2020. Thus, given that Cupp challenged in *Cupp I* the fines and penalties the County was levying against him, he could have brought his *Monell* and Section 1983 Eighth Amendment claims concerning the CEEP Policy in the first action, because those claims arose from the same transactional nucleus of facts. *Turtle Island Restoration Network*, 673 F.3d at 918. The Court therefore dismisses Cupp's claims based on excessive fines (including claims relating to the CEEP).

## C. *Monell* Claim

The County next moves to dismiss Cupp's *Monell* claim. ECF No. 49 ¶¶ 113–124. Because the only timely claims remaining after the application of res judicata pertain to the County's use of drones and its Drone Policy, the Court analyzes only those claims.

"A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of

---

[5] That the two complaints named somewhat different groups of municipal employee defendants would not prevent the application of res judicata because Cupp could have named the "new" defendants in his prior complaint. *Edmonson v. City of Martinez*, No. C 00-2396 WHA, 2000 WL 1639492, at *6 (N.D. Cal. Oct. 27, 2000), *aff'd,* 17 F. App'x 678 (9th Cir. 2001).

constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658, 694 (1978)). "In order to establish liability for governmental entities under *Monell,* a plaintiff must prove '(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.'" *Id.* (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill,* 130 F.3d 432, 438 (9th Cir.1997)). Taking all inferences in Cupp's favor, he alleges that the County's adoption and implementation of the 2019 Drone Policy resulted in violations of his right to be free from unreasonable search. The County argues that: (1) "there is no *Monell* liability under respondeat superior"; and (2) Cupp insufficiently pleads his *Monell* claim. ECF No. 60 at 18–20.

The County's first argument misapprehends Cupp's FAC. Respondeat superior "impos[es] liability on an employer for the torts of an employee when the sole nexus between the employer and the tort is the fact of the employer-employee relationship." *Monell*, 436 U.S. at 693. Pursuant to *Monell*, while a local government cannot be held liable under respondeat superior, it may be sued under Section 1983 when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694.

Cupp is not making a respondeat superior argument. Instead, Cupp alleges a *Monell* claim based on two separate theories: (1) the existence of an unconstitutional custom or policy; and (2) failure to train or supervise code enforcement officers. ECF No. 49 ¶¶ 113–124. Defendants' motion does not address these theories or the other elements of a *Monell* claim listed above. Indeed, the County's reply brief virtually concedes the point by stating that "no basis for a *Monell* claim is stated *with possible exception of Drone Policy.*" ECF No. 63 at 5 (emphasis added). The Court therefore rejects this argument.

The County's second argument fares no better. The County argues that "[it] may be called to answer a Section 1983 claim in federal court only if the complaint plausibly alleges a pattern, practice, or custom of constitutional violations," and that Cupp has not done so. ECF No. 50 at

1    17.    The County ignores that Cupp may also plead a *Monell* claim by alleging that "a city

2    employee committed the alleged constitutional violation pursuant to a formal governmental

3    policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting Gillette v. Delmore, 979 F.2d

4    1342, 1346 (9th Cir. 1992). Here, Cupp has done so by alleging that the alleged violations were

5    committed pursuant to the County's Drone Policy.

6           The Defendants' motion to dismiss Cupp's *Monell* claim concerning the 2019 Drone

7    Policy is denied.

### D. Trespass

"The elements of trespass are: (1) the plaintiff's ownership or control of the property; (2) the defendant's intentional, reckless, or negligent entry onto the property; (3) lack of permission for the entry or acts in excess of permission; (4) harm; and (5) the defendant's conduct was a substantial factor in causing the harm." *Ralphs Grocery Co. v. Victory Consultants, Inc.*, 17 Cal. App. 5th 245, 262 (2017). Cupp alleges these elements.

In their motion to dismiss, Defendants argue that Cupp's allegations concerning Defendants' unauthorized entry in 2019 are barred by res judicata, but do not address the drone fly-over that took place as part of the 2022 Incident. Defendants' motion to dismiss the trespass claim against Defendants Cablk and Hoffman, as limited to the 2022 Incident, is denied.

### E. Invasion of Privacy

"A privacy violation based on the common law tort of intrusion has two elements. First, the defendant must intentionally intrude into a place, conversation, or matter as to which the plaintiff has a reasonable expectation of privacy. Second, the intrusion must occur in a manner highly offensive to a reasonable person." *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 286 (2009). Cupp alleges these elements.

Defendants' only argument concerning Cupp's invasion of privacy claim is as follows:

> Count Five (former Count Nine) alleges "invasion of privacy" which is duplicative of the other claims; but also, does not specific which alleged actions supposedly give rise to any claims. Presumably it is the alleged aerial drone flyover which was already dealt with by Judge Hamilton in Case No. 20-cv-03456, and this Court in ECF No. 42.

13

ECF No. 50 at 14. Again, Defendants do not address the 2022 Incident. Limiting Cupp's claim to that incident, the motion to dismiss Cupp's invasion of privacy claim against Defendants Cablk and Hoffman is denied.

### F.   *Younger* Abstention

Lastly, the Court considers whether to abstain from federal jurisdiction under *Younger*. Defendants argue that under *Younger*, Cupp's claims for declaratory and injunctive relief should be dismissed, and his claims for damages should be stayed.[6] ECF No. 50 at 19–21.

"In *Younger*, the Supreme Court held that federal courts should abstain from staying or enjoining pending state criminal prosecutions absent extraordinary circumstances." *Credit One Bank, N.A. v. Hestrin*, 60 F.4th 1220, 1224–25 (9th Cir. 2023) (citing *Younger v. Harris*, 401 U.S. 37, 45 (1971)). "*Younger* abstention has been expanded to also cover civil enforcement actions and is appropriate when '(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.'" *Id.* (citing *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021)). "A federal court's exercise of *Younger* abstention does not turn on whether the federal plaintiff actually avails himself of the opportunity to present federal constitutional claims in the state proceeding, but rather whether such an opportunity exists . . . . [T]he burden on this point rests on the federal plaintiff to show that state procedural law barred presentation of [his] claims." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1046 (9th Cir. 2019) ("*Herrera II*"). If the above four factors are met, the Court must then "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014).

Here, Defendants fail to show that Cupp's requested relief would have "the practical effect

---

[6] This Court previously held that the *Younger* abstention doctrine did not apply because the administrative abatement decision issued on February 11, 2021 was not part of an ongoing state proceeding, and Defendants had not identified any other ongoing proceeding. ECF No. 42 at 4.

14

of enjoining the ongoing state judicial proceeding." As noted above, Cupp does not allege that the County issued any additional citations or imposed any additional fines or penalties as a result of the 2022 drone flyover. Thus, none of the relief this Court could issue with regard to his claims would have any effect on the state proceeding.

*Herrera* is instructive. In that case, the City of Palmdale conducted a civil inspection search of Plaintiffs' motel. 918 F.3d at 1041. Following the search, "representatives of Palmdale and the LA County Sheriff's Department closed the motel and evicted Plaintiffs and the motel tenants." *Herrera v. City of Palmdale*, No. 16-CV-09453-MWF (FFMX), 2017 WL 6017350, at *3 (C.D. Cal. May 16, 2017) ("*Herrera I*"), *aff'd in part, rev'd in part and remanded*, 918 F.3d 1037 (9th Cir. 2019). Plaintiffs then brought Section 1983 and Fair Housing Act claims against the City of Palmdale and several individual defendants. *Id.* The Herreras requested declaratory and injunctive relief, monetary damages, and attorney's fees. *Herrera II*, 918 F.3d at 1041. At about the same time, the City filed a nuisance complaint in Los Angeles County Superior Court against one of the owners and the motel. "The City sought, among other things, a declaration that the motel is a public nuisance, the appointment of a receiver to take possession and control of the property, and injunctive relief prohibiting the state-action defendants 'from maintaining or allowing any public nuisances" and "requiring [them] to abate all violations of law' on the property." *Id.* at 1041–42. Defendants filed motions for abstention or, in the alternative, motions to dismiss. *Id.* at 1042. The district court granted the motions, dismissing the claims for declaratory and injunctive relief in the federal action, and staying the claims for damages pending resolution of proceedings in the state action. *Id.*

The Ninth Circuit affirmed the district court's order as it related to declaratory and injunctive relief, and concerning plaintiffs' claims for damages under Section 1983 for violations of the First, Fifth, and Fourteenth Amendments and the Contract Clause of the Constitution and the FHA. *Id.* at 1048–49. It reversed the district court, however, as to the Herreras' claims under the Fourth Amendment, because "[a] ruling in favor of the Herreras on such claims would presumably not invalidate the basis for the code-violation enforcement proceedings, and the Fourth Amendment claims themselves are not at issue in such proceedings." *Id.* at 1049. "Thus,

15

1  unlike a determination that the civil proceeding itself is constitutionally deficient, a determination
2  that a Fourth Amendment violation occurred and that the Herreras are entitled to monetary
3  damages would not 'have the same practical effect as a declaration or injunction on pending state
4  proceedings.'" *Id.* at (quoting *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).

So here, a determination that the County's 2019 Drone Policy violated Cupp's constitutional rights, or that Defendants Cablk and Hoffman trespassed on Cupp's property or invaded his privacy, would not have the same effect as a declaration or injunction on the Sonoma County Superior Court proceedings. Accordingly, the Court finds that *Younger* abstention is not appropriate.

## CONCLUSION

Defendants' motion to dismiss is denied as to Cupp's *Monell*, trespass, and invasion of privacy claims, and as to *Younger* abstention. In all other respects, the motion is granted. Leave to amend is denied on the ground that amendment would be futile.

The Court sets a case management conference on May 13, 2025 at 2:00 p.m. An updated joint case management statement is due May 6, 2025.

**IT IS SO ORDERED.**

Dated: March 19, 2025



JON S. TIGAR
United States District Judge

16