ROBERT H. PITTMAN #172154
County Counsel
MICHAEL A. KING #77014
Deputy County Counsel
County of Sonoma
575 Administration Drive, Room 105A
Santa Rosa, California 95403
Telephone: (707) 565-2421
Facsimile: (707) 565-2624
E-mail: michael.king@sonoma-county.org

Attorneys for Defendants
COUNTY OF SONOMA,
TODD HOFFMAN, JESSE CABLK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| RONALD CUPP<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF SONOMA, et al,<br><br>    Defendants. | CASE NO.: 4:23-cv-01007<br><br>**DEFENDANTS' COUNTY OF SONOMA, TODD HOFFMAN AND JESSE CABLK ANSWER TO COMPLAINT**<br><br>Judge: Hon. Jon S. Tigar |

County Defendants filed multiple motions to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). The Court granted in part and denied in part the motions. See Orders on September 26, 2023, (ECF No. 42), and March 19, 2025, (ECF No. 73). Specifically, the Court dismissed with prejudice all claims against named County Defendants Andrew Smith, Mark Franceschi, Tyra Harrington, Tennis Wick, all claims as to Defendants Todd Hoffman and Jesse Cablk with the exception of state law claims for trespass and invasion of privacy, and all claims against Defendant County of Sonoma except the Monell claim pertaining to the drone policy. (Claim for Relief 6).

County Defendants' answer is limited to these remaining Claims for Relief. Defendants, COUNTY OF SONOMA, TODD HOFFMAN and JESSE CABLK ("Defendants") answer the

First Amended Complaint ("FAC") (ECF 49) of Plaintiff RONALD CUPP as follows:

Defendants object generally to the Complaint as ambiguous, conclusory, argumentative, and uncertain; particularly with reference to improper concepts and theories not supported by law.

**INTRODUCTION**

1. There are no deprivations of Plaintiff's rights set out in this paragraph (ECF Nos. 42 and 73); but Defendants admit that Plaintiff attempted to allege those deprivations. With reference specifically to subpart (B), Defendants re-state that there were no constitutional violations as seemingly being alleged in that subpart. To the extent there is an allegation that Defendants Hoffman and Cablk committed trespass or invasion of privacy by use of a drone "in July 2022", or that Plaintiff was caused any emotional distress, those allegations are denied. To the extent any of the allegations in this subpart can be construed as stating facts to support the existence of an unconstitutional drone policy that resulted or caused any damage to Plaintiff, those allegations are denied by Defendant County. (ECF Nos. 42 and 73).

Defendants deny the allegations of any unconstitutional policy regarding use of drones, trespass and invasion of privacy, but admit that HOFFMAN and CABLK are employees of the COUNTY OF SONOMA ("County") and were acting in their official capacity at the time of the inaccurately alleged events in this paragraph.

2. Defendants deny the allegations of this paragraph for the reasons set out in paragraph no. 1; and that the allegations are conclusory only and not factual.

3. There is no paragraph 3 in the copy obtained by Defendants.

**PARTIES; JURSDICTION; VENUE**

4. Defendants object to all allegations related to claims already dismissed by this Court. Defendants admit that subject matter jurisdiction is proper at present but disagree with the characterizations in this paragraph.

5 and 6. Not relevant; Defendants Tennis Wick and Tyra Harrington are dismissed.

7 and 8. Defendants admit that Defendants Todd Hoffman and Jesse Cablk were and are presently employees of Defendant County of Sonoma. Defendants admit that their business address is in the County of Sonoma; they object that their residence address is not relevant and

is a matter of privacy. Defendants deny that they are properly being sued in either individual or official capacity.

9. Defendants admit that County of Sonoma is a municipal corporation for purposes of this action. Defendants deny the remaining allegations contained in this paragraph, most of which are argument not appropriate for admission or denial.

10. Defendants deny that Plaintiff has any basis for suing them in any capacity.

11. Defendants have no knowledge and are unable to admit or deny.

12. Defendants have no knowledge and are unable to admit or deny.

13. Defendants admit that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to the extent Plaintiff asserts claims arising under the laws of the United States pertaining to the *Monell* claim against Defendant County of Sonoma. (ECF Nos. 42 and 73). Defendants admit at this time, that this Court has supplemental jurisdiction over any state law claims against the two individually named Defendants, without waiving, the right to object in the future.

14. Defendants admit that that venue is proper.

## STATEMENT OF FACTS

15 and 16. Defendants admit that a claim was submitted to Defendant County of Sonoma and rejected by the County on or about the dates alleged.

17, 18, 19, 20, and 21. Defendants object to and neither admit nor deny since these allegations appear to pertain to claims that are dismissed. (ECF Nos. 42 and 73). To the extent that they pertain to any claim regarding the County's drone policy or the alleged June 1, 2022 use of drone over Plaintiff's property, they are denied.

22 to 40. Defendants object to and neither admit nor deny since these allegations appear to pertain to claims that are dismissed. (ECF Nos. 42 and 73).

41. Defendants admit that the Permit Sonoma Department of the County of Sonoma prepared a document generally as alleged in this paragraph; the attached Exhibit J appears to be a copy of the policy adopted on or about September 10, 2019.

42. Defendants generally admit the allegations regarding UAS, and will agree to Plaintiff's use of the word "drones".

43. Defendants are unable to admit or deny the allegations at present, other than the categories seem to be those contained in the cited publications, since they are unclear or uncertain.

44. Defendants admit that drones can be classified or categorized in various ways, some of which seem to be set out in the cited publication. Defendants admit that it acquired drones for use in aerial inspections in compliance with constitutional guidelines and its policy (Exhibit J appears to be a copy). Defendants object to and deny any argument or conclusion contained in this paragraph. (ECF Nos. 42 and 73).

45. Defendants object to these allegations as irrelevant and immaterial as to Tennis Wick and Tyra Harrington. Defendant County admits that the drone policy was approved for use by Permit Sonoma.

46. Defendants object to these allegations as irrelevant and immaterial; argument and conclusion. Without waiving, Defendant County admits that "Intranet" refers to the County's internal communication network available to a limited number of individuals (not the world-wide web) and ordinarily not the general public.

47. Defendants object to these allegations as irrelevant and immaterial. Defendant County denies that the drone policy was a secret from the "people of the County of Sonoma."

48. Defendants admit that there was a contract with Cinquini, a copy of which appears to be attached as Exhibit K. Defendants object to these allegations as irrelevant and immaterial.

49. Defendants object to these allegations as irrelevant and immaterial.

50. Defendants object to and neither admit nor deny since these allegations appear to pertain to claims that are dismissed. (ECF Nos. 42 and 73).

51. Defendants allege that the policy speaks for itself; it appears to be a copy attached at Exhibit J.

52. Defendants object to these allegations as irrelevant and immaterial. (ECF Nos. 42 and 73).

53. Defendants allege that the policy speaks for itself; it appears to be a copy attached at Exhibit J.

54. Defendants object to and deny this paragraph as argument or legal conclusion; misstatement of law.

55. Defendants object to and deny this paragraph as argument or legal conclusion; misstatement of law.

56. Defendants object to and deny this paragraph as argument or legal conclusion; misstatement of law.

57. Defendants object to and deny this paragraph as argument or legal conclusion; misstatement of law.

58 to 83. Defendants object to and neither admit nor deny since these allegations appear to pertain to claims that are dismissed. Irrelevant and immaterial. (ECF Nos. 42 and 73).

84. Defendants deny the allegations in this paragraph regarding flying a drone over "the subject property." Defendants object to the other characterizations as argument or legal conclusion; misstatement of law.

85 to 88. Defendants admit that the FAA has regulations that apply to community and recreational use of drones. Defendants object to the remaining allegations as irrelevant and immaterial. (ECF Nos. 42 and 73).

89. Defendants object as irrelevant and immaterial. (ECF Nos. 42 and 73).

90 and 91. Defendants object as irrelevant, immaterial, argument and legal conclusion.

92 to 102. Defendants object as irrelevant, immaterial, argument and legal conclusion.

## COUNT ONE

103 to 108. Defendants object as irrelevant and immaterial. (ECF Nos. 42 and 73).

## COUNT TWO

109 to 112. Defendants object as irrelevant and immaterial. (ECF Nos. 42 and 73).

## COUNT THREE

113. Defendants reallege the response to each and every paragraph contained in this Answer, as if set forth herein.

114. Defendant County of Sonoma objects to the allegations as argument and legal conclusion, not supported by the underlying allegations; overbroad to the extent that it includes dismissed claims. (ECF Nos. 42 and 73). Defendant further objects that it is difficult to fully

comprehend the allegations which are being argued in this paragraph. To the extent that the allegations are based upon the "drone policy", Defendant denies that policy is unconstitutional, as written or as implemented by Defendants Hoffman and Cablk. Defendant County denies that it failed to properly train, supervise, or monitor, or take corrective action regarding Defendants Hoffman and Cablk. Defendant County denies that Plaintiff sustained any injuries or damages related to the alleged drone flight on June 1, 2022, or that it is legally responsible for any alleged injuries or damages.

115.   Defendant County objects as irrelevant, immaterial, argument and legal conclusion, as to general allegations about deliberate indifference and unconstitutional behavior of CED officers. Defendant admits it has the duty to train and supervise its Code Enforcement employees. It denies that Plaintiff was caused any harm by the alleged conduct remaining in this case. (ECF Nos. 42 and 73) .

116-117.   Defendant County objects as irrelevant, immaterial, argument and legal conclusion; overbroad as to any alleged "practices, procedures, customs", other than any pertaining to the drone policy and the alleged harm to Plaintiff on June 1, 2022.

118   Defendant admits that is had a duty to properly train and supervise its employees. Defendant County objects to the allegations to the extent they are vague and uncertain, irrelevant, immaterial, argument and legal conclusion.

119   Defendant denies the allegations regarding the policies and practices as the relates to its drone policy. Defendant County objects to the allegations to the extent they are vague and uncertain, irrelevant, immaterial, argument and legal conclusion.

120.   Defendant is unable to admit or deny what Cupp believes. It denies the allegations regarding the Defendants Hoffman and Cablk as the relates to its drone policy. Defendant County objects to the allegations to the extent they are vague and uncertain, irrelevant, immaterial, argument and legal conclusion.

121.   Defendant County objects as argument and conclusion. It denies that it failed to use care when training or supervising Defendants Hoffman and Cablk with the drone policy.
//

122. Defendant is unable to admit or deny what Cupp believes. Defendant denies the conclusory allegations about Todd Hoffman, his violations of constitutional rights of others, misconduct, unsuitability for employment. Defendant denies any knowledge that these allegations have any merit.

123. Defendant County objects as argument and conclusion. It denies the conclusory allegation that it hired and retained Defendant Hoffman in disregard of the anyone's safety and rights, including Cupp.

124. Defendant denies that Plaintiff suffered any harm from any conduct of Defendant Hoffman, related to the remaining claims in this case. (ECF Nos. 42 and 73) .

## COUNT FOUR

125. Defendants reallege the response to each and every paragraph contained in this Answer, as if set forth herein.

126. Defendants are unable to admit or deny based upon information and belief.

127. Defendants deny that there was any entry onto the subject property on June 1, 2022, and deny that any warrant was required. (ECF Nos. 42 and 73)

128. Defendants deny that Cupp sustained any injuries or damages caused by any conduct attributed to this Count, or any other Count.

129. Defendants object as argument and conclusion. Defendants deny that Plaintiff is entitled to any damages. Defendants deny these conclusory allegations and deny that Plaintiff is entitled to exemplary damages.

130 Defendants object to this claim as a legal conclusion and argument.

131. Defendants object to this claim as a legal conclusion and argument.

## COUNT FIVE

132. Defendants reallege the response to each and every paragraph contained in this Answer, as if set forth herein.

133. Defendants are unable to admit or deny based upon information and belief.

134. Defendants deny that there was any entry onto the subject property on June 1, 2022, and deny that any warrant was required. (ECF Nos. 42 and 73).

135. Defendants deny that Cupp sustained any injuries or damages caused by to any conduct attributed to this Count, or any other Count.

136. Defendants object as argument and conclusion. Defendants deny that Plaintiff is entitled to any damages. Defendants deny these conclusory allegations and deny that Plaintiff is entitled to exemplary damages.

137  Defendants object to this claim as a legal conclusion and argument.

138. Defendants object to this claim as a legal conclusion and argument.

## RELIEF SOUGHT

1-7. The allegations in Plaintiffs' Prayer are matters of law and damages not appropriate for admission or denial. To the extent that Defendants are required to respond to Plaintiffs' prayer for relief, County Defendants deny all allegations of the Prayer, deny that Plaintiff is entitled to any injunctive relief, and deny that Plaintiff was damaged in any sum or that he is entitled to any award, recovery, damages, punitive damages, attorneys' fees, costs, or other relief as alleged, or at all, against any of the Defendants.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the remaining Claims for Relief in the First Amended Complaint (FAC), County Defendants alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

County Defendants allege that the FAC, and each and every claim for relief alleged therein, fails to state facts sufficient to state a cause of action against County Defendants.

### SECOND AFFIRMATIVE DEFENSE
### (Absolute Immunity)

County Defendants are absolutely immune from liability, and Plaintiff's claims are barred in whole or in part, by the doctrine of absolute immunity.

//

## THIRD AFFIRMATIVE DEFENSE
### (Qualified Immunity)

Individual County Defendants are immune from liability, and Plaintiff's claims are barred in whole or in part, by the doctrine of qualified immunity, and County Defendants acted in accordance with the applicable statutory and judicial authorities at the time, and no clearly established constitutional rights of Plaintiff required County Defendants to act differently.

## FOURTH AFFIRMATIVE DEFENSE
### (Reasonable Diligence to Discharge Duty)

To the extent that County Defendants were under a mandatory duty imposed by an enactment designed to protect against the risk of a particular kind of injury, County Defendants exercised reasonable diligence to discharge the duty under Government Code section 815.6, and thus, are immune from liability.

## FIFTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

County Defendants allege that Plaintiff was careless and negligent in his conduct, and thus was comparatively at fault, and any damages recovered by Plaintiff should be reduced, abated, or eliminated to the extent Plaintiff's fault caused or contributed to Plaintiff's damages, if any.

## SIXTH AFFIRMATIVE DEFENSE
### (Negligence or Fault of Others)

County Defendant alleges that the damages complained of, if any there were, were proximately caused or contributed to or caused by the carelessness, negligence, fault, or defects created by the remaining parties in this action and/or other persons or entities not presently named in this action, and were not caused in any way by County Defendants or by persons for whom County Defendants are legally liable for the reasons specified herein and for other reasons to be proved at the time of trial.

//

//

**SEVENTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

County Defendants alleges that Plaintiff voluntarily consented to and anticipated the acts complained of, and with full knowledge of the matters set forth in the FAC, and thus, assumed the risk of any and all injuries, damages, and harm alleged in the FAC.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff, by his actions and/or inactions has waived his right to litigate the claims alleged in the FAC or to claim any damages against County Defendants as a result. Specifically, Plaintiff waived his right to contest the Flash Incarceration and to request an administrative appeal.

**NINTH AFFIRMATIVE DEFENSE**

**(Causation)**

County Defendants allege that their conduct was not the cause in fact nor the proximate cause of any injury, loss, or damage alleged by Plaintiff, and that Plaintiff's injuries, if any, was caused by the superseding or intervening act or omission of a third party.

**TENTH AFFIRMATIVE DEFENSE**

**(Immunity – Public Entity)**

County Defendants are public entity employees and thus immune from all liability alleged in the FAC and each and every cause of action therein pursuant to Government Code Sections 815; 815.2; 815.4; 815.6; 818; 818.2; 818.4; 818.6, 818.8; 820; 820.2; 820.4; 820.6; 820.8; 820.21; 821; 821.1; 821.2; 821.4; 821.6; 821.8; 822.2; 830.6; 831.2; 835.4; 840.6; 844.6; 845.4 and related provisions of these code sections and interpretative case law.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Immunity – Prosecutorial and Judicial Proceedings)**

County Defendants are immune from liability, in whole or in part, pursuant to California Government Code section 821.6 for instituting, prosecuting, or participating in any judicial proceedings which relate to the subject matter of the FAC.

## TWELTH AFFIRMATIVE DEFENSE
### (Immunity - Discretionary Function)

County Defendants are immune from liability for County Defendant's discretionary acts and discretionary decisions, including without limitation, pursuant to the discretionary immunity provided by Government Code section 820.2.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Immunity – Enforcement of Law)

County Defendants are immune from liability pursuant to California Government Code Sections 820.4 and 820.6, as they exercised due care in the execution and enforcement of the law relative to Plaintiff and/or are immune for invalid or inapplicable enactments.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Comply with Tort Claims Act)

County Defendants alleges that any claims in the FAC except the 6/1/2022 alleged drone flight are barred in that Plaintiffs failed to comply with the filing requirements of the California Tort Claims Act, including, but not limited to, Government Code Sections 900, 905.1, 910, 911.2, 945.4 and 945.6, and all sections related thereto.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

County Defendants allege that the FAC and each alleged claim for relief therein are barred by the statute of limitations, including but not limited to California Code of Civil Procedure § 312, et.seq., including Cal. Code Civ. Proc. § 335.1 and § 352.1, and Cal. Govt. Code § 945.3, and other applicable statutes of limitation, and that the statutes of limitations were not tolled.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (No Liability for Exemplary or Punitive Damages)

Pursuant to Government Code Section 818, County Defendants are not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Collateral Source/Reduction)

Pursuant to Government Code Section 985(b), County Defendants are entitled to an offset of any collateral source payments against any judgment rendered against it in this matter, and may elect to have damages, if any, in excess of the amount specified in California Government Code Sections 984 et seq. and California Code of Civil Procedure Section 667.7 paid in whole or in part as specified in California Code of Civil Procedure Section 667.7.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

County Defendants allege that each and every cause of action is barred due to Plaintiff's failure to mitigate damages, if any.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Allocation of Damages)

County Defendant allege that Plaintiffs' damages and recovery, if any, should be barred or proportionately reduced as against County Defendant pursuant to Civil Code section 1431, et seq, and that County Defendant's liability, if any, for non-economic damages shall be several only in direct proportion to any percentage of fault attributable to County Defendants, and shall not be joint with any other existing defendant, potential defendant, cross-complaint, cross-defendant, or other person or entity.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Waiver/Estoppel/Laches)

County Defendants allege that each and every cause of action alleged in the complaint is barred by the equitable doctrine of waiver, estoppel, issue preclusion, res judicata, collateral estoppel, and/or laches.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Consent)

County Defendants alleged that Plaintiff consented to the acts alleged in his FAC, including his flash incarceration and the recording of jail phone calls, and is barred from pursuing claims against County Defendants for any and all such acts to which he consented.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

County Defendants allege that each and every claim asserted in the FAC is barred by the doctrine of unclean hands.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

1. Plaintiff take nothing by way of his First Amended Complaint, and that judgment be entered in favor of County Defendants;

2. Defendants be awarded their costs of suit incurred herein and their attorneys' fees pursuant to 42 U.S.C. section 1988 and all other applicable federal statutes and judicial authorities; and

3. County Defendants be granted such further relief as the Court deems proper.

Dated: April 22, 2025                ROBERT H. PITTMAN, County Counsel

                                     By: /s/ *Michael A. King*
                                          Michael A. King
                                          Deputy County Counsel
                                          Attorneys for Defendants
                                          COUNTY OF SONOMA,
                                          TODD HOFFMAN and JESSE CABLK