UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CUPP,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF SONOMA, et al.,<br><br>        Defendants. | Case No. 23-cv-01007-JST<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**<br><br>Re: ECF No. 110 |

For the reasons set forth herein, the Court dismisses this case for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

## I.   PROCEDURAL HISTORY

On March 11, 2026, Defendants filed a motion for summary judgment in this case. ECF No. 107. Any response from Plaintiff Ronald Cupp was due on March 25, 2026. *Id*. On May 1, 2026, the Court issued an order to show cause why no opposition had been filed, noting that "[i]f Plaintiff does not file a timely response to this order . . . , the Court may . . . dismiss this case for failure to prosecute under Federal Rule of Civil Procedure 41(b)." ECF No. 110 at 1–2.

Plaintiff's attorney, Eric Young, timely filed a response in the form of a declaration describing serious health and staffing challenges he has recently faced. ECF No. 111. He asked the Court "to give [him] the weekend to prepare additional filings on Mr. Cupp's behalf," including "a motion requesting the Court set a new scheduling order that will allow leave to amend the Complaint to allege new factual information uncovered by the ACLU's lawsuit against the County" and "to allege any additional drone flyovers that occurred since June 2022." ECF No. 111 at 8. His request would "also include a request to reopen fact discovery for both sides." *Id*. He would "provide a thorough proposed schedule with [his] filing, which [he would] complete by

Monday, May 18, 2026." *Id*. He also stated that, "at great personal sacrifice to [his] own privacy," he would "submit documentation supporting each fact contained herein about [his] health or other pertinent matters." *Id*.

The Court issued a brief order in response asking that no further information concerning Mr. Young's health be filed, and withholding any opinion on his forthcoming requests "unless and until they are before the Court." ECF No. 112. May 18, 2026 came and went without the Court receiving further filings from Plaintiff or his attorney.

## II.    DISCUSSION

The district court has the discretion to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630–31 (1962). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citations omitted); *see also* Fed. R. Civ. P. 41(b) (dismissal for failure to prosecute "operates as an adjudication on the merits.").

Courts "must weigh five factors" in determining whether to dismiss a case for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik,* 963 F.2d at 1260–61. Considering each factor in turn, the Court concludes that they weigh in favor of dismissal.

First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). That is true here. This lawsuit has been pending for more than three years. ECF No. 1. Defendants' motion for summary judgment has received no response even though it was filed almost three months ago, and even though a response was due more than ten weeks ago. And although attorney Young indicated his

United States District Court
Northern District of California

2

intent to file further motions on May 18, none have been filed. Accordingly, this factor weighs in favor of dismissal.

Second, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1261). Here, Cupp failed to oppose the motion for summary judgment or file a statement of nonopposition, as Civil Local Rule 7-3(b) required him to do. Nor did he seek an extension. He responded to the Court's order to show cause, but never filed the further motions his response promised. Under these circumstances, the Court is not obligated to issue yet another order to show cause before dismissing his case. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id*. The present delay has "consumed some of the court's time that could have been devoted to other cases on the docket." *Id.* Accordingly, this factor weighs in favor of dismissal.

Third, in order to prove prejudice, "a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). Here, Plaintiff failed to oppose the motion for summary judgment or to file another motion seeking leave to amend his complaint and has not otherwise advanced the litigation. To state the obvious, the Court cannot "proceed to trial" if one party refuses to participate in the litigation. "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131 (citation omitted). Here, although Young provided some explanation for his failure to oppose the motion for summary judgment, he also stated that he is "stronger and healthier now than [he has] been in the past six months" and that he "seek[s] an opportunity to move forward." There is no apparent justification for his failure to move forward under those circumstances. Accordingly, this factor also weighs in favor of dismissal.

Fourth, "less drastic sanctions" are unlikely to be effective in advancing this case. The Court already issued an order to show cause providing Plaintiff with two weeks to respond. ECF No. 110. Young filed his responsive declaration on the last timely day, promising further motions

3

the following Monday, but those motions were never filed. The Court's order to show cause warned that dismissal may result from further noncompliance. *Id*. at 1–2. Although a motion for summary judgment and an order to show cause remain pending, both of which could terminate Plaintiff's case, Plaintiff and his attorney have not attempted to explain their failure to provide further filings. Accordingly, lesser sanctions are unlikely to effectively advance this case.

Finally, "[p]ublic policy favors disposition of cases on the merits," such that "this factor weighs against dismissal." *Pagtalunan*, 291 F.3d at 643. Nonetheless, because four of the five factors weigh in favor of dismissal, the Court finds that dismissal of Plaintiff's case for failure to prosecute is appropriate.

## CONCLUSION

For the foregoing reasons, the Court dismisses the case for failure to prosecute under Fed. R. Civ. P. 41(b). Dismissal is without prejudice. The Clerk of the Court shall enter judgment and close the case.

**IT IS SO ORDERED.**

Dated:  June 9, 2026



JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

4